## State of Connecticut *v.* Robert T. Brindley

Superior Court      Fairfield County      File No. 15392
              at Bridgeport

## State of Connecticut *v.* William T. Maver

Superior Court      Fairfield County      File No. 15393
              at Bridgeport

Memorandum filed October 2, 1963

*Otto J. Saur,* state's attorney, for the state in each case.

*Wofsey, Rosen, Kweskin & Kuriansky,* of Stamford, for the defendant in the first case.

*Joseph A. Izzillo,* of Greenwich, for the defendant in the second case.

SHAPIRO, J.  Both defendants have filed similar motions to suppress the use in court of certain articles proposed to be used as evidence against them.  Both contend that these articles were unreasonably seized by the police by means of an unreasonable search in violation of their rights under the fourth amendment to the United States constitution and § 8 of the first article of the Connecticut constitution.  These deal, in part, with unreasonable searches and seizures.

Under the aforementioned constitutional provisions, security in their persons, houses, papers and effects is assured the people.  Not only the search of a dwelling but also of a place of business or automobile is limited by them.  *Taylor* v. *United States,* 286 U.S. 1;  *Carroll* v. *United States,* 267 U.S. 132.  The fourth amendment forbids every search that is unreasonable, and is construed liberally to safeguard the right of privacy. *Elkins* v. *United States,* 364 U.S. 206.

The facts in the case may be summarized as follows:  Greenwich police officers, John Styles and Colin Dunnigan, were in a police car patrolling the west end of the town along the Post Road in the early morning hours of April 30, 1963.  At about 1:30 a.m., they observed a 1955 Buick, bearing New York markers and parked across the sidewalk on the easterly side of Dayton Avenue.  In this general area was a shopping center, houses, the Greenwich

High School and a medical center related to pediatrics. The Buick was then backed out into the street and proceeded westerly on the Post Road toward the New York state line. It was raining at the time. The police car followed this vehicle for about half a mile and owing to truck traffic, was unable to draw near until this distance had been traversed. At this point, Styles observed that the vehicle's windshield wiper was not working and thereupon signaled the Buick over to the side of the road. The defendant Brindley was driving and the defendant Maver was seated next to him. Brindley got out and Maver remained seated. The officers then observed two bottles of whiskey on the rear seat. Dunnigan was able to discern Maver's features and asked him where he and Brindley had been. He answered that they had been in a fight at Shippan Point in Stamford. Maver was then asked if he had ever been arrested before, and he replied that he "had done time" in Westchester for a burglary. Maver was asked to get out of the car, when Dunnigan saw an automobile lug wrench and a large screwdriver lying on the car floor near the front seat. Up to this point neither officer had entered the Buick. Then, Dunnigan, because he believed the wrench and screwdriver to be burglars' tools and because of Maver's Westchester arrest, searched under the car seat and found a bag with about $50 in coins, as well as other articles.

It is also to be noted that the testimony was clear that the Buick was stopped because the windshield wiper was not working. Section 14-80 of the General Statutes requires that a "windshield cleaner [shall be] in good working order." Failure to comply is a misdemeanor punishable by a fine. Dunnigan had asked Maver to get out of the car in order that he could check the wipers. As he got out, the tools were observed on the floor and also the bottles of whiskey.

Both officers were suspicious when the Buick was first seen because of where it was parked, the New York markers, and the time of night. When Styles "pulled" the car over, he did so to make an arrest for a defective windshield wiper. Thereafter, followed the events as above related. The defendants contend that the articles in question could not be seized without a search warrant and, because of the circumstances involved, that the seizure violated their constitutional rights. They seek to suppress the use of the articles found in the Buick as evidence to be used against them.

It is true that an arrest may not be used as a pretext to a search for evidence. *State* v. *Michaels,* 60 Wash. 2d 638. It has been held that where an officer searched the car of an accused, without benefit of a warrant and not upon any probable cause but upon mere suspicion, the search and the seizure of evidence found thereby were inadmissible. *McCormick* v. *State,* 277 P.2d 219 (Okla. Crim.). Police may not arrest on mere suspicion but only upon probable cause, based upon facts and circumstances known to the officer which would justify a prudent man in believing that the accused had committed an offense. *Henry* v. *United States,* 361 U.S. 98. Where a defendant was arrested for driving his car on a public street in an intoxicated condition, a search of the car for intoxicants revealed the presence of articles which were considered burglary tools, for which the defendant was charged. The court held that the search was not illegal or unreasonable, being an incident to defendant's arrest on the driving while intoxicated charge, and the evidence procured thereunder was properly admissible in the subsequent prosecution for illegal possession of burglary tools. *Church* v. *State,* 206 Tenn. 336 (1960); *Stevens* v. *State,* 274 P.2d 402 (Okla. Crim. 1954).

The federal courts and a majority of the state courts today permit the search of an automobile without warrant when the officer arrests the occupant on the ground that he has probable cause to believe that a crime has been committed by the accused. When the arrest is effected under those circumstances, the automobile is searched as an incident to such arrest. *Carroll* v. *United States,* supra; *Hinds* v. *State,* 201 Ind. 563. Unless there is a prima facie showing of an illegal search and seizure, it will be presumed that the officer acted within his authority. *People* v. *Pruitt,* 155 Cal. App. 2d 585.

Section 6-49 of the General Statutes permits a police officer, without warrant, to arrest any person who such officer has reasonable grounds to believe has committed or is committing a felony. Section 53-71 of the General Statutes provides a penalty of not more than five years of imprisonment where any person, "in the night, has in his possession, without lawful excuse, the proof of which excuse shall be upon him, any . . . jimmy, jack or bit or other instrument of house-breaking . . . ." There can be no dispute that the time of night and nature of the tools found in the Buick come within the purview of the latter statute.

Here, the police had a right to check the windshield wiper, in relation to § 14-80, General Statutes. In order to do that, it was necessary to get into the vehicle where the switch to the wiper was located. Only when defendant Maver stepped out of the car were the lug wrench and screwdriver observed by the officer. It was then that the officer believed that a felony was being committed, to wit, the presence of the tools on the floor. The defendants offered no evidence to prove that these tools were in possession with lawful excuse. This, coupled with the informa-

tion imparted by Maver of his earlier burglary conviction, gave these officers the facts and circumstances which would justify a prudent man in believing that the accused had committed an offense. Here, the search and seizure was an incident to the defective windshield wiper offense. The view into the car by the police was no pretext for seeking contraband or looking for a possible violation of law, as by articles that might be lying about the vehicle. This is not like the situation where there would be a claim of speeding or passing a red traffic light. In such a situation, the looking into or getting into the vehicle by the police might be entirely unnecessary. Not so, in the situation at hand. Here, because of the nature of the wiper, the police had to look inside.

The defendants have failed to show that they are entitled to the relief sought under their motions.

For the reasons already given, the motions are denied.