STATE OF CONNECTICUT *v.* ROBERT LIZOTTE
(4568)

DUPONT, C. J., HULL and BIELUCH, Js.

Argued December 11, 1986—decision released May 19, 1987

*Kimball Haines Hunt,* with whom was *John Serrano,* law student intern, for the appellant (defendant).

*Alex Andrew Knopp,* special assistant state's attorney, with whom, on the brief, were *James G. Clark* and *Herbert Appleton,* assistant state's attorneys, for the appellee (state).

BIELUCH, J. The defendant appeals from a judgment of conviction rendered pursuant to a plea of nolo contendere on the charge of possession of narcotics, a violation of General Statutes § 21a-279 (a). His plea of nolo contendere was conditional upon his right to appeal the trial court's denial of the defendant's motion to suppress certain evidence seized from his van without a warrant. See General Statutes § 54-94a.[1] He claims that the trial court erred (1) in finding that the police officers had probable cause to stop the defendant's motor

---

[1] "[General Statutes] Sec. 54-94a. CONDITIONAL NOLO CONTENDERE PLEA. APPEAL OF DENIAL OF MOTION TO SUPPRESS OR DISMISS. When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

vehicle, (2) in finding that the police officers' warrant-less arrest of the defendant and subsequent warrant-less search of the van were lawful, (3) in finding that the police officers' actions were justified as an investigative stop under *Terry* v. *Ohio,* 392 U.S. 1, 24, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), and *State* v. *Acklin,* 171 Conn. 105, 112, 368 A.2d 212 (1976), and (4) in denying the defendant's motion to dismiss the information. We find no error.

The following facts as found by the trial court in its memorandum of decision on the defendant's motion to suppress the evidence seized from his van and on his motion to dismiss are not in dispute. On the night of February 23, 1984, Officers Gaten Landry and Bruce Tischofer, of the Hartford police department, were en route to their patrol assignment traveling westbound on Interstate 84 in Hartford. As they approached the Sisson Avenue exit, they noticed a green van in the center of the highway. This van then crossed two lanes of traffic, cut in front of their cruiser and entered the Sisson Avenue exit ramp without giving a right turn signal. The police officers decided to stop the driver of the van for the purpose of issuing a traffic summons charging an improper lane change in violation of General Statutes § 14-236. The police activated the flashing lights and siren of their cruiser and followed the van to a stop. At that time, the officers also noticed that one of the tail lights on the van was not operating, a violation of General Statutes § 14-96c.

Landry approached the driver side of the van to question the driver and Tischofer went to the passenger side. The defendant was the sole occupant of the van. Landry requested the defendant's license, registration and insurance card. At the same time, Tischofer scanned the inside of the passenger compartment with his flashlight as part of a routine search for weapons to ensure the police officers' safety. During this pro-

cedure, Tischofer saw a leather ammunition belt containing ammunition on the floor of the van just to the right rear of the operator's seat. The belt was partially covered by a towel. Tischofer immediately alerted his partner to the presence of the ammunition belt. The defendant was then ordered out of the van and was searched by a patdown for weapons. This search revealed no weapon. The defendant was then handcuffed and placed in the police cruiser. Although the defendant was not charged with a criminal offense at that point, the officers determined that such restraint was necessary to protect their safety, which they felt was jeopardized by the existence of the gun belt and their belief that there may have been a weapon in the van.

Tischofer returned to the van and removed the towel which partially covered the ammunition belt. The belt contained thirteen live rounds of .357 caliber ammunition. A holster was found attached to the belt and it contained a .357 caliber Ruger Black Hawk pistol fully loaded with six live rounds of ammunition. The belt, ammunition and pistol were seized and placed in the police cruiser.

The officers again returned to the van and conducted a search of the passenger compartment. On the right side, underneath the seat cover, three brown packets of white powder and one clear packet of white powder were discovered. On the basis of their training and experience, the officers concluded that the four packets contained either cocaine or heroin. These packets were also seized and later identified as containing cocaine.

As a result of the discovery of the weapon, ammunition and drugs described, the defendant was arrested and charged with the following crimes: carrying a weapon in a motor vehicle, a violation of General Statutes § 29-38; criminal possession of a pistol or

revolver, a violation of General Statutes § 53a-217; possession of narcotics, a violation of General Statutes § 21a-279 (a); and possession of narcotics with intent to sell, a violation of General Statutes § 21a-277 (a).

Prior to trial, the defendant moved to suppress the items seized from his van without a warrant at the time of his stop. See Practice Book § 821.[2] He also filed a motion to dismiss the charges against him. See Practice Book §§ 728 and 815. The court denied these motions. Thereafter, the defendant entered a conditional plea of nolo contendere only to the third count of possession of narcotics, a violation of General Statutes § 21a-279 (a). The disposition of the other three charges in the original information is not before us in this appeal.[3]

The defendant's first claim is that the police had no probable cause to stop the defendant's motor vehicle. The parties are in agreement that the basis for the police officers' stop of the defendant's vehicle was to issue a traffic summons for an unsafe lane change under General Statutes § 14-236.[4] General Statutes § 14-236 provides in relevant part that, "[w]hen any highway has been divided into two or more clearly marked lanes for traffic, (1) a vehicle shall be driven as nearly as prac-

---

[2] Practice Book § 821 provides: "Upon motion of the defendant, the judicial authority shall suppress potential testimony or other evidence if he finds that suppression is required under the constitution or laws of the United States or the state of Connecticut."

[3] While the disposition of the three remaining counts in the original information is not shown in the record before us, it is clear that the defendant pleaded nolo contendere only to the third count, possession of narcotics; General Statutes § 21a-279 (a); and was sentenced solely on his conviction of that charge.

[4] The police officers also testified that after they stopped the defendant's vehicle, they noticed that one of the tail lights was not operating, a violation of General Statutes § 14-96c. This observation was subsequent to the officers' initial stop of the van and, therefore, cannot be used to justify such initial stop. See State v. Federici, 179 Conn. 46, 58, 425 A.2d 916 (1979) (probable cause must exist before stop).

ticable entirely within a single lane and shall not be moved from such lane until the driver has ascertained that such movement can be made with safety . . . . "

The police officers testified that they first encountered the defendant's van traveling in the center of Interstate 84, when it subsequently crossed two lanes of the highway and cut in front of their cruiser and entered the Sisson Avenue exit ramp without giving a right turn signal. The officers characterized these movements as "rather hazardous." The defendant claims that such statements were inadequate to establish a violation of General Statutes § 14-236, in light of Tischofer's testimony on cross-examination that the vehicle was approximately ten car lengths ahead of the police cruiser at the point the officers observed the defendant's van and that Tischofer could not recall if there were any cars between the police cruiser and the van.

Whether the police were justified in stopping the defendant's van for a motor vehicle infraction is, of course, an issue of fact. See, e.g., State v. Brindley, 25 Conn. Sup. 216, 220, 200 A.2d 247 (1963). From the record it is clear that the trial court was convinced, notwithstanding Tischofer's testimony on cross-examination, that there was a reasonable belief on the part of the police officers that the defendant's operation of the van constituted a violation of General Statutes § 14-236. In challenging this finding, the defendant bears the burden of proving that the court's conclusion is clearly erroneous, which is to say that it is unsupported by the facts. See Practice Book § 4061 (formerly § 3060D); State v. Stepney, 191 Conn. 233, 239, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984). The officers' testimony that the van crossed two lanes of traffic without signaling, that there were other cars on the road, that the van cut in front of the police cruiser, and the charac-

terization of the maneuver as hazardous provided sufficient evidence to support the trial court's conclusion that the officers were justified in stopping the defendant's van to issue a summons for a moving violation.

The defendant's second claim of error asserts that if the police were justified in stopping the defendant's van for a traffic infraction, the ensuing warrantless arrest of the defendant was invalid and the subsequent warrantless search could not be upheld as lawfully incident to an arrest. We note at the outset that a search conducted without a warrant issued upon probable cause is per se unreasonable, subject only to a few specifically established and well delineated exceptions. *State* v. *Badgett,* 200 Conn. 412, 423, 512 A.2d 175 (1986), cert. denied, 479 U.S. 940, 107 S. Ct. 423, 193 L. Ed. 2d 373 (1987). It is the state's burden at trial to establish the exception. Id., 424. A review of the memorandum of decision demonstrates that the trial court found that the warrantless search of the defendant's van was justified as incident to a lawful arrest. See *New York* v. *Belton,* 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981).

If evidence obtained without a warrant was obtained as a result of a valid search and seizure incident to a lawful arrest, such evidence was not illegally obtained and is admissible. See *Chimel* v. *California,* 395 U.S. 752, 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969); *State* v. *Badgett,* supra; *State* v. *Cobuzzi,* 161 Conn. 371, 377–79, 288 A.2d 439 (1971), cert. denied, 404 U.S. 1017, 92 S. Ct. 677, 30 L. Ed. 2d 664 (1972). "[A] lawful custodial arrest creates a situation which justifies the contemporaneous search without a warrant of the person arrested and of the immediate surrounding area, whether or not there is probable cause to search. . . . [S]earches incident to arrests have long been considered valid because of the need 'to remove any weapons that [the arrestee] might seek to use in order to

resist arrest or effect his escape . . . ' and the need to prevent the concealment or destruction of evidence." *State* v. *Badgett,* supra, 425. In our analysis of the constitutional validity of the search, we note that the defendant was placed under arrest when he was handcuffed and detained in the police cruiser. See *State* v. *Magnotti,* 198 Conn. 209, 213, 502 A.2d 404 (1985); 2 W. LaFave, Search and Seizure (2d Ed.) § 5.1 (a).

The defendant first argues that the officers' observation in plain view of a portion of the gun belt was insufficient to establish probable cause for his arrest on the weapons in a motor vehicle charge. Without probable cause to make a warrantless arrest, he argues, the officers' ensuing warrantless search which uncovered the narcotics was invalid. It is axiomatic that "[a] search cannot be sustained as incident to an arrest unless the arrest itself was valid." *State* v. *Cobuzzi,* supra, 375. It is fundamental that a valid arrest may only be made upon probable cause. See 2 W. LaFave, supra, § 5.1 (b). The defendant argues that prior to the search of the van and the discovery of the narcotics, there was no probable cause to arrest him.

"Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that a felony has been committed." *State* v. *Cobuzzi,* supra, 376. "In order to establish probable cause, it is not necessary to produce a quantum of evidence necessary to convict." Id.

The trial court found that prior to the search of the van, Tischofer observed a gun belt and ammunition which the court characterized as "highly indicative of the presence of a firearm." The court deemed as "common knowledge that pistols are carried in holsters attached to belts such as the one observed." We agree

that the officers' observation of the defendant's sole occupancy of a motor vehicle in which one of them saw a gun belt with ammunition constituted sufficient facts or circumstances to support a reasonable belief that the defendant was also carrying a weapon in the vehicle in violation of General Statutes § 29-38,[5] an unclassified felony. See General Statutes § 53a-25 (a), (c). We also note that the observation of the gun belt and ammunition did not constitute a search of the defendant's vehicle, as they were in plain view of Tischofer. See *State* v. *Cobuzzi,* supra, 377; see also *State* v. *Federici,* 179 Conn. 46, 56 n.6, 425 A.2d 916 (1979) (the use of a flashlight does not affect propriety of the view).

In determining whether the police officers had probable cause to arrest the defendant for carrying a weapon in a motor vehicle, we also note that probable cause may exist even without ascertaining whether the defendant had a permit to carry the weapon discovered. See *Adams* v. *Williams,* 407 U.S. 143, 148–49, 92 S. Ct. 1921, 32 L. Ed. 2d 612 (1972). In *Adams,* a Bridgeport police officer, acting upon information received moments earlier, approached a vehicle and asked the occupant to open the door. The occupant rolled down the window instead, whereupon the officer reached into the car and removed a fully loaded revolver from Williams' waistband. The gun had not been visible to the officer from outside the car, but it was in precisely the place indicated by the informant. The occupant was immediately arrested for unlawful possession of a weapon in a vehicle in violation of General Statutes

---

[5] "[General Statutes] Sec. 29-38. WEAPONS IN VEHICLES. Any person who knowingly has, in any vehicle owned, operated or occupied by him, any weapon for which a proper permit has not been issued as provided in section 29-28 or section 53-206, or has not registered such weapon as required by section 53-202, as the case may be, shall be fined not more than one thousand dollars or imprisoned not more than five years or both . . . . The word 'weapon,' as used in this section, means any pistol or revolver . . . . "

§ 29-38. The officer then conducted a search incident to that arrest, whereupon substantial quantities of heroin were found on the defendant's person and in his car. *Adams* v. *Williams,* supra, 145.

In upholding the subsequent search of the defendant as incident to a lawful arrest, the United States Supreme Court reasoned that *"[p]robable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction.* See *Draper* v. *United States,* 358 U.S. 307, 311–312 [79 S. Ct. 329, 3 L. Ed. 2d 327] (1959). Rather, the court will evaluate generally the circumstances at the time of the arrest to decide if the officer had probable cause for his action: 'In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' *Brinegar* v. *United States,* 338 U.S. 160, 175 [69 S. Ct. 1302, 93 L. Ed. 1879] (1949)." (Emphasis added.) *Adams* v. *Williams,* supra, 149. On the basis of the foregoing, we conclude that at the time the defendant was ordered out of the van, the police had probable cause to believe that he was carrying a weapon in a motor vehicle in violation of General Statutes § 29-38.[6]

---

[6] The defendant argues that the existence of ammunition in a gun belt was insufficient evidence of carrying a weapon in a motor vehicle in violation of General Statutes § 29-38. He posits that the visible "bullets may have pertained to a shotgun or rifle, firearms not included under General Statutes § 29-38." "In order to establish probable cause, it is not necessary to produce a quantum of evidence necessary to convict." *State* v. *Cobuzzi,* 161 Conn. 371, 376, 288 A.2d 439 (1971), cert. denied, 404 U.S. 1017, 92 S. Ct. 677, 30 L. Ed. 2d 664 (1972). We find that the observation of the gun belt and live ammunition provided the officers with sufficient evidence to conclude that the weapon for which they were designed was a weapon which required a proper permit to be carried. See *Adams* v. *Williams,* 407 U.S. 143, 92 S. Ct. 1921, 32 L. Ed. 2d 612 (1972).

We also note that the warrantless arrest of the defendant was legally permissible pursuant to General Statutes § 54-1f (b). That section authorizes a police officer to arrest, "without previous complaint and warrant, any person who the officer has reasonable grounds to believe has committed or is committing a felony." See also General Statutes § 54-1f (a) (arrest by a peace officer without a warrant when the person is taken or apprehended in the act). We conclude, therefore, that the officers had reasonable grounds to believe that the defendant had committed a felony. See *State* v. *Dennis*, 189 Conn. 429, 431, 456 A.2d 333 (1983) (reasonable grounds to believe is equivalent to probable cause); 2 W. LaFave, supra, § 5.1 (b). The warrantless arrest, therefore, was legal and valid.

The defendant also claims that if the police officers had probable cause to arrest him, the subsequent search under the seat cover which yielded the four packets of cocaine exceeded the permissible scope of the search incident to a lawful arrest. The defendant's argument relies upon the reason supporting the validity of a search incident to a lawful arrest, namely: " 'to remove any weapons that [the arrestee] might seek to use in order to resist arrest or effect his escape . . . ' and the need to prevent the concealment or destruction of evidence." *State* v. *Badgett,* supra, 425, quoting *Chimel* v. *California,* supra. The defendant argues that before the time of the search the defendant had been handcuffed and placed in the police cruiser. Under such circumstances, it is argued, the defendant could not have reasonably used any weapon in the van to resist arrest or to effectuate an escape. Whether the restraining of an arrestee by handcuffing and placing him in a police cruiser precludes the police officers from conducting a subsequent search, as incident to a lawful arrest, of the arrestee's vehicle was recently addressed by our Supreme Court in *State* v. *Badgett,* supra.

In *Badgett,* the court held that a warrantless search of the contents of a small black zippered bag found in a windbreaker underneath the seat in the defendant's automobile conducted by a state trooper as the defendant was being driven to the police station by a second officer was beyond the proper scope of a warrantless search incident to a lawful arrest because "the defendant [was] no longer at the scene of the arrest when the warrantless search was undertaken." Id., 427. In so concluding, the court relied upon *New York* v. *Belton,* supra, 461, which holds that "a lawful custodial arrest justifies a contemporaneous search of the entire passenger compartment of an automobile, whether or not the arrestee actually had control over the area." *State* v. *Badgett,* supra, 425. The court recognized that *Belton* "fashioned a rule, 'easily applied, and predictably enforced' . . . in order to provide clear guidance to police officers 'who have only limited time and expertise to reflect on and balance the social and individual interests involved in the specific circumstances they confront.' . . . *Belton* established this standard based upon a generalization that the interior of a car is always within the immediate control of an arrestee who has recently been in the car." *State* v. *Badgett,* supra, 426. Consistent with *Belton,* our Supreme Court observed in *Badgett* that "we ordinarily will refuse to evaluate whether or not an individual arrested while in an automobile actually had access to the passenger compartment at the time of the search." Id., 427. In so stating, the court cited several "analogous situations where the arrestee seemingly had no opportunity to gain access to the passenger compartment of the automobile. *United States* v. *Cotton,* 751 F.2d 1146 (10th Cir. 1985) (*Belton* applicable even though defendant outside car and handcuffed); *Traylor* v. *State,* 458 A.2d 1170 (Del. 1983) (defendant in handcuffs); *State* v. *Valdes,* 423 So. 2d 944 (Fla. App. 1982) (defendant seated in police

car); *State* v. *Hopkins,* 163 Ga. App. 141, 293 S.E.2d 529 (1982) (defendant seated in police car); see 2 LaFave, Search and Seizure, Search Incident to Arrest, 1986 Pocket Part § 7.1, p. 224 n.46.12." *State* v. *Badgett,* supra.

On the basis of the reasoning of *New York* v. *Belton,* supra, as adopted and applied in *State* v. *Badgett,* supra, we conclude that the search of the defendant's van was proper as incident to the lawful arrest of the defendant and did not violate his state or federal constitutional guaranties of freedom from unreasonable searches and seizure. See U.S. Const., amends. IV, XIV; Conn. Const., art. I, § 7. The defendant's argument that the search under the seat cover was beyond the permissible scope of a search for weapons is unpersuasive. Under the circumstances existing, it was reasonable for the police officers to believe that other weapons or additional ammunition may have been hidden under the seat cover.

The defendant's third claim of error is that the trial court erred in finding that the police officers' investigative stop of the defendant was warranted under *Terry* v. *Ohio,* supra, and *State* v. *Acklin,* supra. The defendant argues that the police had no reasonably articulable justification for stopping him to conduct an investigatory search. We disagree that the officers' stop of the defendant's van and his subsequent restraint by handcuffs and placement in the police cruiser were improper. As we have already discussed, the police were justified in stopping the defendant's van for the purpose of issuing a traffic summons. The officers' conduct in ordering the defendant out of the van and restraining him was justifiably based upon probable cause that he was illegally carrying a weapon in a motor vehicle. The officers' actions were based upon probable cause, and not merely on a hunch, suspicion or

guesswork. See *State* v. *Januszewski,* 182 Conn. 142, 149, 438 A.2d 679 (1980), cert. denied, 454 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981).

The defendant's final argument is that since the court erred in denying his motion to suppress the evidence, it consequently also erred in failing to grant the motion to dismiss the charges, because, without the illegal evidence, there was no probable cause to arrest the defendant. Because we find that the evidence was legally seized and, therefore, admissible, there was sufficient evidence to proceed with the charges against the defendant. See Practice Book §§ 728, 815.

There is no error.

In this opinion the other judges concurred.