## STATE OF CONNECTICUT *v.* JAMES LEONARD
### (5646)

BORDEN, SPALLONE and NORCOTT, Js.

Argued February 2—decision released April 12, 1988

*Brian M. O'Connell,* certified legal intern, with whom were *Aaron P. Slitt* and, on the brief, *William T. Gerace,* for the appellant (defendant).

*Harry Weller,* deputy assistant state's attorney, for the appellee (state).

NORCOTT, J. The defendant appeals from the judgment of conviction rendered following the denial of his motion to suppress all evidence seized at the scene of his arrest. After the trial court denied the motion, the defendant, pursuant to General Statutes § 54-94a,[1]

[1] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion

entered a conditional plea of nolo contendere to the charge of possession of narcotics (cocaine) with intent to sell in violation of General Statutes § 21a-277 (a). The sole dispositive issue on appeal is whether it was proper for the trial court to have denied the defendant's motion to suppress evidence based on an unreasonable search and seizure. We find no error.

" 'In its oral memorandum of decision the court made only limited factual findings and legal conclusions. We, therefore, must look to all the evidence produced in support of its decision.' *State* v. *Mitchell,* 7 Conn. App. 46, 49, 507 A.2d 1017 (1986), aff'd in part and rev'd in part on other grounds, 204 Conn. 187, 527 A.2d 1168, cert. denied,   U.S.   , 108 S. Ct. 293, 98 L. Ed. 2d 252 (1987)." *State* v. *Carey,* 13 Conn. App. 69, 73, 534 A.2d 1234 (1987).

From the evidence revealed at the suppression hearing, the trier could reasonably have found the following facts. On February 20, 1986, at approximately 11:30 p.m., the defendant was a passenger in a vehicle which he owned but which was being operated at the time by Rodney Jackson. State Trooper Robert Kenney, while operating a motor vehicle radar unit, observed the defendant's vehicle traveling eastbound on Interstate Route 84 at a rate of speed ten miles in excess of the lawful speed limit. Kenney observed that there were two occupants in the car, and that the passenger, later identified as the defendant, appeared to be moving about within the passenger's seat and by his movements appeared to be putting something

to suppress evidence based on an unreasonable search or seizure or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

under the front seat. Kenney stopped the vehicle and approached the driver's side cautiously.

With the aid of his flashlight and the spotlight on his police vehicle, Kenney looked in at the driver, Jackson, and observed what appeared to be white chunks of powder on the front of his black colored sport-type jacket and in his moustache. Kenney also testified that he observed what appeared to be hard-packed white powder between Jackson's legs and on the front seat of the vehicle. Kenney concluded that the substance was probably cocaine. When Kenney asked Jackson about the substance, Jackson became nervous, said, "It's nothing" and began brushing the substance from his jacket. Jackson was then ordered out of the vehicle and accompanied Kenney to the rear of the vehicle.

Trooper Gerald Pennington, operating as a backup unit to Kenney, arrived at the site of the vehicle stop shortly after Kenney had approached the driver's side of the automobile. Pennington approached the vehicle from the rear on the passenger's side. As Kenney ordered the driver out of the car, Pennington became concerned when the defendant's hands went out of view because the defendant started to reach down between his knees. Pennington yelled to the defendant to place his hands in full view, and when the defendant did not respond, Pennington drew his gun and rapped on the window. The defendant eventually responded and exited the vehicle.

Once the defendant was outside of the vehicle, Pennington, concerned that there might be weapons in the vehicle, reached into the car to secure the object that the defendant was handling and seized an open paper bag. Pennington's flashlight reflected off something shiny within the bag, and while the trooper did not recognize the contents as a weapon, he did observe an open tin foil packet containing a block of hard-packed

white powder which he believed to be cocaine. Samples of the white substance found on Jackson and found in the bag thereafter tested positive for cocaine. A second bag containing 100 empty glassine bags of the type used for packaging narcotics was then discovered and seized.

The trial court ruled that there was probable cause to stop the defendant's vehicle, that the narcotic substance was in plain view of the arresting officers, and denied the motion to suppress.

Whether the police were justified in stopping the defendant's car for a motor vehicle infraction is a clear issue of fact. *State* v. *Lizotte,* 11 Conn. App. 11, 16, 525 A.2d 971 (1987). In challenging the trial court's finding with regard to the legality of the initial stop, "the defendant bears the burden of proving that the court's conclusion is clearly erroneous, which is to say that it is unsupported by the facts. See Practice Book § 4061 (formerly § 3060D); *State* v. *Stepney,* 191 Conn. 233, 239, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984)." *State* v. *Lizotte,* supra, 16. It is clear from the record that the defendant's car was exceeding the speed limit on Interstate Route 84. The trial court's finding that "[t]here was probable cause to stop them (the defendant and Rodney Jackson, the driver); they were violating a motor vehicle statute" is clearly supported by the facts.

The next focus of our inquiry is whether the warrantless police search of the vehicle was in violation of the defendant's federal and state[2] constitutional protections against unreasonable searches and seizures.

[2] The fourth amendment to the United States constitution provides in pertinent part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." This constitutional right is made applicable to the states through the fourteenth amendment to the United States constitution. *Mapp*

When Kenney illuminated the interior of the car with his flashlight and observed the defendant, he saw in plain view the white substance on Jackson, his clothing and the auto seat. There is really no dispute that this substance, later tested positively to be cocaine, was in plain view of the trooper. In any case, there can be no claim to an expectation of privacy to any portion of a motor vehicle which may be viewed from the outside by either an inquisitive passerby or a diligent police officer. *Texas* v. *Brown,* 460 U.S. 730, 739–40, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983); *Coolidge* v. *New Hampshire,* 403 U.S. 443, 466, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971); *State* v. *Graham,* 200 Conn. 9, 20–21, 509 A.2d 493 (1986).

The defendant contends that there was no probable cause for a reasonable belief that the substance observed by Kenney was cocaine. " 'In order to establish probable cause, it is not necessary to produce a quantum of evidence necessary to convict. . . . Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that a felony has been committed.' (Citations omitted.) *State* v. *Cobuzzi,* 161 Conn. 371, 376, 288 A.2d 439 (1971), cert. denied, 404 U.S. 1017, 92 S. Ct. 677, 30 L. Ed. 2d 664 (1972). 'In dealing with probable cause . . . as the very name implies, we deal with probabili-

v. *Ohio,* 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, reh. denied, 368 U.S. 871, 82 S. Ct. 23, 7 L. Ed. 2d 72 (1961).

Article first, § 7, of the Connecticut constitution provides in pertinent part: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches or seizures . . . ." Although the defendant relies on both the federal and the state constitutions, he offers no separate analysis of the Connecticut constitution as a basis for different treatment of the federal and state constitutional claims. We decline to undertake such analysis. See *State* v. *Camerone,* 8 Conn. App. 317, 321 n.1, 513 A.2d 718 (1986).

ties. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' *Brinegar* v. *United States,* 338 U.S. 160, 175, 69 S. Ct. 1302, 93 L. Ed. 1879 (1949). 'Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. *Texas* v. *Brown,* 460 U.S. 730, [742,] 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983).' *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 175, 474 A.2d 795 (1984); see also *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 393, 480 A.2d 561 (1984)." *State* v. *Carey,* supra. Furthermore, a police officer can use his professional experience to conclude that an item is contraband even if it is not immediately apparent to the casual observer. *Texas* v. *Brown,* supra, 742. See *State* v. *Barrett,* 10 Conn. App. 667, 669, 525 A.2d 139 (1987).

The unrefuted evidence in this appeal is that Kenney, an officer with twelve years experience in the field of narcotics arrests, lawfully stopped a speeding vehicle and observed a white powdery substance on the driver; the trooper also noticed the driver's nervous reaction and response to his inquiry about the substance. "These observations gave [him] probable cause to believe that the vehicle contained contraband and thus to seize and search the car, including the trunk, without a warrant. *United States* v. *Johns,* 469 U.S. 478, 105 S. Ct. 881, 83 L. Ed. 2d 890 (1985). *Texas* v. *Brown,* 460 U.S. 730, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983). *United States* v. *Ross,* 456 U.S. 798, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982)." *State* v. *Kuskowski,* 200 Conn. 82, 85, 510 A.2d 172 (1986).

There is no error.

In this opinion the other judges concurred.