State of Connecticut *v.* Billy Waller, Jr.
(9308)

Foti, Landau and Heiman, Js.

Argued April 22—decision released August 27, 1991

*Steven D. Brown,* with whom, on the brief, were *Jeffrey Hellman* and *Rosina Francia,* special public defenders, for the appellant (defendant).

*Margaret Gaffney Radionovas,* deputy assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Kevin Dunn,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from a judgment of conviction, rendered after a jury trial, of one count of possession of a narcotic substance with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b).[1] On appeal, the defendant claims that the trial court improperly denied his motion to suppress as evidence eight packets of narcotics. He asserts that pursuant to article first, § 7, of the Connecticut constitution the warrantless search of his car, although contemporaneous with his arrest, was unreasonable because he did not have access to his car, and that no justification existed for a warrantless search. We affirm the judgment of the trial court.

The evidence offered at the suppression hearing reasonably supports the following facts. Police officers on a routine patrol in Father Panik Village observed suspicious behavior by the driver of a car. On running a check of the license plate, the officers were notified of an outstanding warrant for the arrest of the car's owner, the defendant. The officers stopped the car,

---

[1] The defendant was also convicted of one count of failure to appear in the first degree in violation of General Statutes § 53a-172 (a).

verified the defendant's identity, and notified him of the outstanding arrest warrant. After reconfirming the warrant, the police arrested and handcuffed the defendant and placed him in a police cruiser. In order to inventory, secure and transport the defendant's car, one of the officers opened the driver's side door and saw, in plain view, on the armrest, a glassine packet. In the storage area below the armrest the officer saw a brown paper bag. The officer opened the bag and found seven glassine packets.

The trial court concluded that the search was lawful and denied the defendant's motion to suppress the eight packets. The court rendered its decision after reviewing the evidence and determining that the stop of the defendant's car was proper, and that the defendant was in the police car at the scene of the arrest while the search was being conducted. The court further stated that even if the search were found to be unlawful, it would, nonetheless, be proper under the inevitable discovery rule.

The defendant argues that the search of his vehicle cannot be upheld as a search incident to arrest because, in the particular circumstances of this case, article first, § 7, of the Connecticut constitution accords him greater protection than is available to him under the fourth amendment to the United States constitution. Specifically, he contends that article first, § 7, of the Connecticut constitution should not be interpreted to permit a vehicle search incident to an arrest when the arrestee is seemingly unable to gain access to the vehicle.

The defendant relies on *State* v. *Badgett,* 200 Conn. 412, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986), to support his proposition that our Supreme Court has been willing to

restrict the scope of *New York* v. *Belton,* 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981). Both the fourth amendment to the United States constitution and article first, § 7, of our state constitution create a reasonableness standard that proscribes unreasonable searches and seizures. *State* v. *Dukes,* 209 Conn. 98, 121, 547 A.2d 10 (1988). Although a " 'search conducted without a warrant issued upon probable cause is "*per se* unreasonable . . ." ' "; (emphasis in original); *State* v. *Badgett,* supra, 423; a search incident to a lawful arrest is a well recognized exception to this rule. Id., 425.

The facts of this case fall squarely within the boundaries established in *State* v. *Badgett,* supra, and its progeny. In addition, the state constitution has been construed to allow warrantless searches incident to lawful arrests. *State* v. *Delossantos,* 211 Conn. 258, 266, 559 A.2d 164, cert. denied, 493 U.S. 866, 110 S. Ct. 188, 107 L. Ed. 2d 142 (1989); *State* v. *Lizotte,* 11 Conn. App. 11, 23, 525 A.2d 971, cert. denied, 204 Conn. 806, 528 A.2d 1154 (1987). The defendant's claim, therefore, is without merit.

The judgment is affirmed.