[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANTS' MOTIONS TO SUPPRESS EVIDENCE
Introduction
Kevin Lanzara is charged in a five count information with drug-related offenses arising out of circumstances that allegedly occurred in Waterbury on July 31, 1996. At that time, Lanzara was operating his Infiniti automobile when stopped for traffic violations by officers of the Waterbury Police Department. Michael DiLeo, a co-defendant, is similarly charged with four drug-related crimes also arising out of the automobile stop.[1]
DiLeo was a front seat passenger in Lanzara's vehicle.
The charges filed against Lanzara and DiLeo have been consolidated for this jury trial and each defendant has filed, pretrial, a motion to suppress evidence.[2] In these motions, each defendant claims that the police seizures of the drugs and paraphernalia were in violation of their rights secured under the federal and state constitutions. The court held evidentiary hearings on these motions June 5 and 10, 1997.
Each motion to suppress is denied.
Findings of fact
The court finds the following facts from the evidence it deems credible. During the rainy afternoon hours of July 31, 1996, Detective Gary Pelosi of the Waterbury Police Department was operating an unmarked police vehicle. Three uniformed members of the department were passengers in the vehicle: Officers CT Page 6400 Randolph Velez, David Balnis and Edwin Soto. Pelosi observed the defendant Lanzara operating the Infiniti at a speed which Pelosi, Velez and Balnis all considered unreasonable for the existing conditions. Consequently, the detective, who at the time with his fellow officers was looking for a suspect in an unrelated homicide investigation, began to follow the Infiniti and while in pursuit, observed Lanzara fail to stop for a stop sign. Pelosi activated his siren and pulled Lanzara over for the observed traffic violations.
Upon reaching the driver's side of the Infiniti, Pelosi discovered Lanzara to be the operator of the vehicle and also saw what appeared to the detective to be marijuana in an ashtray located in a console between the front seats of the car. At this time, Velez approached the passenger side of the Infiniti where DiLeo was seated. Pelosi informed Velez of the presence of the marijuana in the vehicle and Velez also observed it. For safety reasons, Velez instructed DiLeo to keep his hands in Velez' sight and then saw DiLeo attempt to kick a plastic "CVS" bag under the passenger seat. While observing DiLeo in the process of secreting the "CVS" bag, Velez saw protruding from that bag a smaller, ziplock plastic bag containing what Velez determined from his training and experience to be hallucinogenic mushrooms.
Based on the officers' respective observations, the defendants were ordered out of the vehicle and placed under arrest. Velez seized the "CVS" bag from the vehicle. It contained two zip-lock bags of hallucinogenic mushrooms and a Tanita scale in a black pouch. Detective Pelosi, while patting Lanzara down, discovered what Pelosi felt to be a package of narcotics in the defendant's pocket. Pelosi seized the item, the contents of which subsequently tested positive for cocaine, and also seized from Lanzara's person $256.
After Lanzara and DiLeo were taken into custody, Officer David Balnis issued a summons to Lanzara for two motor vehicle infractions: traveling too fast for the conditions, General Statutes § 14-218a; and failure to obey a stop sign, General Statutes § 14-299.
Conclusions of Law
As a threshold matter, the state argues that DiLeo lacks standing to object to the search and subsequent seizures from Lanzara's vehicle. The court agrees. CT Page 6401
"The touchstone to determining whether a person has standing to contest an allegedly illegal search is whether that person has a reasonable expectation of privacy in the invaded place . . . . Absent such an expectation, the subsequent police action has no constitutional ramifications." (Citations omitted; internal quotation marks omitted.) State v. Hill, 237 Conn. 81, 92 (1996). At a suppression hearing, "[t]he defendant bears the burden of establishing the facts necessary to demonstrate a basis for standing." Id.; State v. Burns, 23 Conn. App. 602, 612 (1990). "A passenger in a motor vehicle, who fails to demonstrate a possessory interest in the car itself or in any of the seized evidence, has no reasonable expectation of privacy in the area of the vehicle searched, and thus, he is precluded from contesting the validity of the search." (Citations omitted; internal quotation marks omitted.) State v. Delarosa, 16 Conn. App. 18,31-32 (1988).
In the present case, it is undisputed that DiLeo was a passenger in the Infiniti owned and operated by Lanzara. DiLeo offered no evidence at the suppression hearing and has not met his burden of establishing any reasonable expectation of privacy in the area searched or the items seized in the automobile. He, therefore, lacks standing to challenge the constitutionality of the search and subsequent seizures.[3] State v. Hill, supra,237 Conn. 92-93; State v. Burns, supra, 23 Conn. App. 612-13. The defendant Lanzara, however, has established standing to contest the validity of the searches of his vehicle and his person. SeeState v. Hill, supra, 92-93.
Lanzara contends that the initial stop of his vehicle was done as a mere pretext to search the car for narcotics, thereby rendering the ensuing search and seizures illegal. The court disagrees. "A police officer has the right to stop a motor vehicle operating on a Connecticut highway even if the reason for the stop is only an infraction under our traffic laws." State v.Dukes, 209 Conn. 98, 122 (1988). From the evidence presented, the court concludes that the police officers were justified in stopping Lanzara's vehicle for motor vehicle infractions.[4]
See Whren v. U.S., ___ U.S. ___, 116 S.Ct. 1769, 135 L.Ed.2d 89
(1996).
It is axiomatic that a warrantless search or seizure is per se unreasonable unless the state proves that the seizure or search falls within one of the exceptions to the warrant CT Page 6402 requirement. State v. Trine, 236 Conn. 216, 235 (1996). "Exceptions to the search warrant requirement have been jealously and carefully drawn . . . and the burden is on the state to establish the exception." (Internal quotation marks omitted.) Id.
One recognized exception to the warrant requirement is the plain view doctrine. "The police, no less than any other citizen, have a right to be on a public street, stand beside the defendant's car and peer in. . . . It is well established . . . that if a police officer is in a public area and . . . peer[s] into a vehicle through a window, his action does not constitute a search and, as a result, is not considered violative of the car owner's fourth amendment rights." (Citations omitted; internal quotation marks omitted.) State v. Sailor, 33 Conn. App. 409,416, cert. denied, 229 Conn. 911 (1994); State v. Bryant,19 Conn. App. 626, 629 (1989). "Furthermore, a police officer can use his professional experience to conclude that an item is contraband even if it is not immediately apparent to the casual observer." State v. Leonard, 14 Conn. App. 134, 139 (1988), aff'd, 210 Conn. 480 (1989). Here, since the court has already concluded that the vehicular stop was legal, the "plain view" observations by Pelosi and Velez of the marijuana and the hallucinogenic mushrooms were not violative of constitutionally secured privacy rights.
Finally, Detective Pelosi's search of Lanzara occurred after that defendant's lawful arrest. Thus the seizures of the cocaine and the monies from the defendant's person were incident to that arrest and legally permissible. See New York v. Belton,453 U.S. 454, 461, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); State v. Dukes,
supra, 209 Conn. 124-25; State v. Jennings, 19 Conn. App. 265,269 (1989).
The court concludes that the seizures by the police were legal and the motions to suppress are denied.
So ordered.
William Patrick Murray, a judge of the Superior Court