STATE OF CONNECTICUT *v.* LILLIAN LEWTAN
(3626)

HULL, DALY and PICKETT, Js.

Argued June 17—decision released August 27, 1985

*Carl R. Ajello,* for the appellant (defendant).

*Terence A. Sullivan,* assistant state's attorney, for the appellee (state).

PICKETT, J. The defendant was found guilty, after a jury trial, of two counts of harassment in violation of General Statutes § 53a-183. She was sentenced to an effective term of ninety days in the custody of the commissioner of correction, execution suspended, and placed on probation for one year with the condition that she obtain daily psychiatric treatment. She claims, by this appeal, that she received ineffective assistance of counsel and that the court erred: (1) in refusing to order a competency examination; (2) in improperly admitting illegally obtained evidence; (3) in making erroneous rulings on evidence; and (4) in giving erroneous instructions to the jury. We find no error.

As to the first claim of error, the Supreme Court has repeatedly held that claims concerning ineffective assistance of counsel are more properly pursued in a petition for a new trial or in a petition for a writ of habeas corpus than on direct appeal. *State* v. *Jacobowitz,* 194 Conn. 408, 413, 480 A.2d 557 (1984); *State* v. *Tirado,* 194 Conn. 89, 93, 478 A.2d 606 (1984);

*State* v. *Mason,* 186 Conn. 574, 578–79, 442 A.2d 1335 (1982); *Miller* v. *Angliker,* 4 Conn. App. 406, 415–16, 494 A.2d 1226 (1985). Where the sole claim on appeal is ineffective assistance of counsel, "habeas corpus is the preferred route for review." *State* v. *Rivera,* 196 Conn. 567, 571, 494 A.2d 570 (1985). "Even those failures which the record might support cannot be properly evaluated simply by perusing the transcript." *State* v. *Young,* 191 Conn. 636, 653, 469 A.2d 1189 (1983); see also *State* v. *Rivera,* supra, 570.

In *State* v. *Chairamonte,* 189 Conn. 61, 64, 454 A.2d 272 (1983), the Supreme Court, referring to its role in a direct appeal, stated: "Our role in a case like this, however, is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. Without a hearing in which the reasons for counsel's decision may be elicited, any decision of ours on this claim would be entirely speculative." See also *State* v. *Mason,* supra, 579; *Miller* v. *Angliker,* supra, 416. Therefore, we decline to rule upon the defendant's claim of ineffective assistance of counsel and we leave the defendant to relief by way of a habeas corpus petition.

The defendant claims that the court did not grant a motion for a competency examination on January 12, 1984, just prior to the start of trial. The motion was not specifically made under the provisions of General Statutes § 54-56d, but, rather, was an oral request for a continuance.[1] Thus, the claim on appeal that the trial court refused to order a competency examination is not technically correct.

---

[1] The pertinent portion of the transcript provides: "Mr. Hunt: I'm making a motion for the Court to consider, subsequent to the finding of December 14th by the Diagnostic Clinic and as a result of perceived or felt stress by my client *on proceeding today,* she is not effectively able to assist counsel in the trial of the case." (Emphasis added.)

A defendant is presumed to be competent and the burden to show the contrary is upon the party raising the issue. General Statutes § 54-56d (b).[2] The record does not reflect an offer of proof made by the defendant to support this request. There was merely a claim of "perceived or felt stress."

The court may, on its own motion, order a competency examination. General Statutes § 54-56d (c). It is, however, a matter of judicial discretion. *State* v. *Bethea,* 167 Conn. 80, 88–89, 355 A.2d 6 (1974). Here, the defendant had undergone an examination less than one month prior to the start of the trial and was found to be competent, able to understand the nature of the proceedings and able to assist counsel in her own defense.[3] From the record, the court was justified in finding that the defendant's competency to stand trial had been determined. Since the competency and psycho-social evaluation reports were part of the court's file, every reasonable presumption should be made that the court exercised its responsibility and was familiar with its file and the above mentioned reports.

---

[2] General Statutes § 54-56d (b) provides: "PRESUMPTION OF COMPETENCY. A defendant is presumed to be competent. The burden of proving that the defendant is not competent by clear and convincing evidence and the burden of going forward with the evidence are on the party raising the issue. The burden of going forward with the evidence shall be on the state if the court raises the issue. The court may call its own witnesses and conduct its own inquiry."

[3] The trial court's judgment file provides: "Said accused was . . . presented before said court on December 6, 1983 upon motion by the Assistant State's Attorney regarding alleged violation of conditions of release and following the hearing, the court ordered a competency evaluation pursuant to Section 54-56d of the Connecticut General Statutes. The evaluation was conducted by the Court's Diagnostic Clinic on December 14, 1983 and in the written report submitted to the court, the team reached the unanimous opinion that Lillian Lewtan was able to stand trial in that she had an understanding of the legal proceedings against her, and an ability to cooperate with counsel in her own defense."

The court was in the best position to evaluate the situation before it, including the demeanor of the defendant, and its judgment must be afforded every reasonable presumption. *Lucy* v. *Lucy,* 183 Conn. 230, 232–33, 439 A.2d 302 (1981); *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 262–63, 413 A.2d 854 (1979); *DiPalma* v. *Wiesen,* 163 Conn. 293, 298, 303 A.2d 709 (1972). The burden to overcome the presumption of the continuance of the status quo is on the party who seeks to prove its termination. *State* v. *Melechinsky,* 38 Conn. Sup. 384, 388, 448 A.2d 1349 (1982). There is nothing in the record to sustain the defendant's position on this claim.

The remaining issues are also without merit. It is not illegal to tape one's own telephone conversations. *State* v. *DeMartin,* 171 Conn. 524, 544, 370 A.2d 1038 (1976). Therefore, the claim that it was improper to admit evidence that victims of the harassing telephone calls had recorded some of them is without merit.

Likewise, the court did not err in allowing a state's witness to testify as to the actual words spoken by the defendant. The statute under which the defendant was charged provides, in part, that a person is guilty of the crime of harassment when "with intent to harass, annoy or alarm another person, he makes a telephone call . . . in a manner likely to cause annoyance or alarm." General Statutes § 53a-183 (a) (3).

Evidence of the language used in an alleged violation of the harassment statute is relevant to show the intent of the accused in making the telephone call as well as the likelihood of its causing annoyance or alarm. *Gormley* v. *Director, Conn. State Dept. of Probation,* 632 F.2d 938, 943 (2d. Cir.), cert. denied, 449 U.S. 1023, 101 S. Ct. 591, 66 L. Ed. 2d 485 (1980). In determining questions regarding relevancy, the trial court has broad discretion. *Delott* v. *Roraback,* 179 Conn. 406, 414, 426 A.2d 791 (1980).

The testimony as to the obscene statements made by the defendant, as well as all of the conversations by the defendant over the telephone, were offered not to prove that her statements were true but that she made them. Such evidence is not hearsay. *State* v. *Romano,* 165 Conn. 239, 249, 332 A.2d 64 (1973); *State* v. *DeNegris,* 153 Conn. 5, 12, 212 A.2d 894 (1965); *State* v. *Tolisano,* 136 Conn. 210, 214, 70 A.2d 118 (1949). Even if it were hearsay, however, it would be admissible to show the state of mind and intent of the defendant. See *State* v. *Periere,* 186 Conn. 599, 605–607, 442 A.2d 1345 (1982).

The defendant also claims that the trial court erred in overruling her objection to testimony by a witness for the state as to the effect which the telephone calls had upon his family.[4] The testimony was properly admitted. The witness was testifying as to his observation of the child relative to telephone calls made to the family home by the defendant. These observations were relevant to show that the calls were, in the words of the statute, "likely to cause annoyance or alarm." General Statutes § 53a-183 (a) (3).

The defendant's final claim of error is that the trial court failed to instruct the jury properly concerning her failure to testify.[5] The instruction given was as follows: "Now, at this point I will tell you that an accused per-

---

[4] No specific ground for the objection was given and no subsequent objection or motion to strike was made following the court's preliminary ruling. *State* v. *Braman,* 191 Conn. 670, 684–85, 469 A.2d 760 (1983). It is not error if a defendant does not pursue an objection or motion to strike following a preliminary ruling by the court which states that an objection is premature. *Bridgeport Pipe Engineering Co.* v. *DeMatteo Construction Co.,* 159 Conn. 242, 251, 268 A.2d 391 (1970). Since a proper objection was not made during the trial, the court could consider this issue abandoned. Practice Book §§ 288 and 3063; *State* v. *Addazio,* 169 Conn. 416, 427–28, 363 A.2d 153 (1975).

[5] While this ground was not properly preserved for appeal, it has been considered pursuant to *State* v. *Tatem,* 194 Conn. 594, 595, 483 A.2d 1087 (1984).

son is not obliged to take the stand in her own behalf, and I instruct you that you may not draw an unfavorable inference from the defendant's failure to testify." The defendant claims that the court did not explain the meaning of the word "inference." The charge was not misleading and the words used were those mandated by General Statutes § 54-84 (b). *State* v. *Burke,* 182 Conn. 330, 333, 438 A.2d 93 (1980).

It is not error for a court to refuse to define words which are "used and might be understood in their ordinary meanings." *State* v. *Maresca,* 173 Conn. 450, 460, 377 A.2d 1330 (1977). The issue is whether the jury could have been misled by the court's instructions. *State* v. *Kurvin,* 186 Conn. 555, 572, 442 A.2d 1327 (1982); *State* v. *Ruiz,* 171 Conn. 264, 273, 368 A.2d 222 (1976); *State* v. *Rose,* 169 Conn. 683, 687–88, 363 A.2d 1077 (1975). The word "inference" is commonly and frequently used in the English language. It is not necessary to define words which are commonly used and which are defined in our standard dictionaries. "[T]he definition of words in our standard dictionaries is taken as a matter of common knowledge which the jury is supposed to possess." *State* v. *Asherman,* 193 Conn. 695, 737, 478 A.2d 227 (1984).

There is no error.

In this opinion the other judges concurred.