STATE OF CONNECTICUT *v.* DONALD CHAPMAN
(10624)

NORCOTT, LANDAU and HEIMAN, Js.

Argued April 29—decision released July 21, 1992

*Ira B. Grudberg,* with whom was *Thomas W. Ude, Jr.,* for the appellant (defendant).

*Lawrence J. Tytla,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney, for the appellee (state).

LANDAU, J. The defendant, Donald Chapman, appeals from a judgment of conviction, rendered after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1).[1] On appeal the defendant claims that (1) his amnesia rendered him incompetent to stand trial, (2) the trial court's charge to the jury improperly enlarged the offense of sexual assault in the first degree, (3) the trial court improperly failed to admit statements made by the victim to the defendant to show their effect on the defendant's state of mind, and (4) the trial court improperly

---

[1] General Statutes § 53a-70 (a) provides in pertinent part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ."

referred to the defendant's "misstatements" in its charge to the jury on consciousness of guilt. We agree with the defendant's second claim. Although this issue is dispositive, we will address the first claim to the extent it is likely to arise on retrial of this case.[2]

On the basis of the evidence presented at trial, the jury could reasonably have found the following facts. The defendant is the owner of the Highland Horse Farm in Ledyard and the victim is a young woman who purchased a horse from the defendant and worked at the farm to subsidize her board payments for that horse. On the evening of March 2, 1990, the victim and another young woman arranged to spend the night at the farm with the defendant because a mare was about to foal. During the course of that evening, the defendant made a number of lewd comments to the victim.

The victim and the other young woman fell asleep on a couch in the lounge of the farm at about 1 a.m., on March 3, 1990. The defendant woke the victim at about 3 a.m. and asked her to go into the office with him. The victim, believing the defendant was waking her because the mare was ready to foal, followed the defendant into the office. Once in the office, the defendant told the victim to sit on the floor. When she sat down, the defendant grabbed at her pants, ripped them off and pushed her back onto the floor. The victim struggled with the defendant before he sexually assaulted her. Afterward, the defendant told her to be quiet, threw her pants back at her and left the office. After waiting a short while, the victim returned to the lounge and crawled back onto the couch with the other young woman.

The next day, the victim told the young woman what had occurred during the night. The women then told

---

[2] We conclude that the defendant's remaining claims do not merit review.

the parents of the victim's friend, who suggested that she contact the police. The victim contacted the police and gave a statement describing the events of the prior evening, in which she implicated the defendant. As a result of this incident, the defendant was charged with, and convicted of, sexual assault in the first degree. The trial court imposed a sentence of fourteen years suspended after seven years. From this sentence and conviction, the defendant has appealed to this court.

In his second claim on appeal, the defendant argues that the trial court unconstitutionally enlarged the offense with which he was charged and permitted the jury to convict him on the basis of a theory of liability that was neither charged by the state nor supported by the evidence when the court instructed the jury that it could convict him of sexual assault in the first degree if it found that he had compelled the victim to engage in sexual intercourse by either the use of force against her, or the threat of use of force.[3] Although General Statutes § 53a-70 (a) (1) creates liability under both theories, the state, in its information, alleged that the defendant had violated the statute only by the use of force. The defendant claims that the trial court's instruction effectively permitted the jury to convict him on the basis of an uncharged theory of liability, violating his rights to be informed of the nature and cause of the accusation against him as guaranteed under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. *State* v. *Franko,* 199 Conn. 481, 488–89, 508 A.2d 22 (1986); *State* v. *Trujillo,* 12 Conn. App. 320, 326, 531 A.2d 142, cert. denied, 205 Conn. 812, 532 A.2d 588 (1987); *State* v. *Foshay,* 12 Conn. App. 1, 24–28, 530 A.2d 611 (1987).

---

[3] The defendant properly preserved this claim for appellate review by taking an exception to this portion of the trial court's instruction.

The state maintains that it was clear that the theory on which the state prosecuted the defendant was that the defendant compelled the victim to submit to sexual intercourse by the use of force. The state argues that the jury instruction, when viewed from the standpoint of its effect on the jury in guiding it to a proper verdict, could not have misled the jury into believing that the defendant compelled the victim to engage in sexual intercourse by the threat of use of force. See *State* v. *Williams,* 202 Conn. 349, 362, 521 A.2d 150 (1987).

" 'The sixth amendment to the United States constitution and article first, § 8, of the Connecticut constitution guarantee a criminal defendant the right to be informed of the nature of the charge against him "with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise, and . . . to enable him to plead his acquittal or conviction in bar of any future prosecution for the same offense . . . ." ' " *State* v. *Williams,* 27 Conn. App. 654, 668, 610 A.2d 672 (1992), quoting *State* v. *Scognamiglio,* 202 Conn. 18, 22, 519 A.2d 607 (1987). Because compulsion by the use of force and compulsion by the threat of use of force are two methods of committing one offense; *State* v. *Franko,* supra, 490; *State* v. *Secore,* 194 Conn. 692, 698, 485 A.2d 1280 (1984); the defendant's conviction under either theory of liability would bar subsequent prosecution for the same offense.

"On more than one occasion, [both this court and our Supreme Court have] stated that '[w]here a person may have been convicted under more than one statutory alternative, the judgment cannot be supported unless the evidence was sufficient to establish guilt under each statutory provision which the trier may have relied upon.' *State* v. *Marino,* 190 Conn. 639, 650–51, 462 A.2d 1021 (1983); *State* v. *Thompson,* 197 Conn. 67, 74, 495 A.2d 1054 (1985); *State* v. *Asherman,* 193 Conn.

695, 730, 478 A.2d 227 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1749, 84 L. Ed. 2d 814 (1985); *State* v. *Reid,* 193 Conn. 646, 666, 480 A.2d 463 (1984); see *State* v. *Silveira,* 198 Conn. 454, 459, 503 A.2d 599 (1986)." *State* v. *Williams,* supra, 202 Conn. 363; *State* v. *Reyes,* 19 Conn. App. 695, 702–704, 564 A.2d 309, cert. denied, 213 Conn. 803, 567 A.2d 833 (1989); see *Leary* v. *United States,* 395 U.S. 6, 31–32, 89 S. Ct. 1532, 23 L. Ed. 2d 57 (1969). It is well established that where, as here, the trial court's charge includes statutory language as to both the use of force and the threat of use of force, either of which may be an element of the crime of sexual assault in the first degree, and the information restricts the offense charged to use of force and no evidence is introduced on the threat of use of force, a trial court's instruction to the jury on the threat of use of force as a disjunctive element of sexual assault is improper. See, e.g., *State* v. *Belton,* 190 Conn. 496, 502, 461 A.2d 973 (1983); *State* v. *Franko,* supra, 488–89; *State* v. *Newton,* 8 Conn. App. 528, 513 A.2d 1261 (1986).

The substituted information charged the defendant with the crime of sexual assault in the first degree in that the defendant "attempted to, and did compel, the victim to engage in sexual intercourse *by the use of force* against said victim." (Emphasis added.) The trial court, in its charge to the jury, instructed that "a person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse *by the use of force against such person or by the threat of the use of force* against such person which reasonably causes such person to fear physical safety. In order to commit the crime of sexual assault in the first degree the state must prove beyond a reasonable doubt that . . . the defendant compelled the victim to engage in sexual intercourse *either by the use of force or by threat of the use of force* which caused the victim

to reasonably fear physical injury to herself. . . . If you find the required sexual intercourse has been proven beyond a reasonable doubt, *you must next determine whether the defendant used or threatened the use of force.*" (Emphasis added.) By instructing the jury on the threat of use of force portion of General Statutes § 53a-70 (a) (1), the trial court authorized the jury to consider this theory of criminality, thereby implying that there was a factual question for it to resolve under that section of the statute. The state concedes that there was no evidence to support this theory of liability. The court has a duty not to submit to the jury in its charge any issue on which the evidence would not reasonably support a finding. *State* v. *Diggs,* 219 Conn. 295, 298–302, 592 A.2d 949 (1991); *Batick* v. *Seymour,* 186 Conn. 632, 641, 443 A.2d 471 (1982); *State* v. *Williams,* supra, 202 Conn. 364; *State* v. *Estrada,* 26 Conn. App. 641, 659–60, 603 A.2d 1179, cert. denied, 221 Conn. 923, 608 A.2d 688 (1992). We cannot presume, as the state contends, that the jury rejected this issue because of the absence of evidence. See *State* v. *Reid,* supra, 667 n.22.

The trial court, therefore, improperly instructed the jury on a statutory alternative for which there was no supporting evidence. Accordingly, the judgment must be set aside and a new trial ordered. See *State* v. *Williams,* supra, 202 Conn. 363–64; *State* v. *Marino,* supra.

We will address the defendant's first claim, that his amnesia rendered him incompetent to stand trial, to the extent it is likely to arise on retrial. See *State* v. *Mooney,* 218 Conn. 85, 125 n.30, 588 A.2d 145, cert. denied, U.S. , 112 S. Ct. 330, 116 L. Ed. 2d 270 (1991); *Esposito* v. *Presnick,* 15 Conn. App. 654, 661, 546 A.2d 899, cert. denied, 209 Conn. 819, 551 A.2d 755 (1988). The following additional facts are necessary to our resolution of this claim. At the time

the defendant was arrested and charged with sexually assaulting the victim, he was extremely agitated, brandishing a gun and threatening to commit suicide. Subsequent to his arrest, the defendant was transferred to Natchaug Hospital, where he was treated first as an inpatient and later as an outpatient. While at Natchaug Hospital, the defendant reported an inability to recall a three month period prior to his hospitalization, including the date on which he allegedly assaulted the victim. The defendant was diagnosed as suffering from psychogenic amnesia from late December, 1989, until early March, 1990.

On May 2, 1990, the defendant filed a motion, pursuant to General Statutes § 54-56d,[4] for the court to order a competency examination of the defendant. The trial court granted the motion on May 21, 1990, and the examination was conducted on June 5, 1990. A competency hearing was held on July 2, 1990, at which the report of the clinical team that examined the defendant was introduced into evidence. The report concluded that, *at the time of the examination,* the defendant was able to understand the proceedings against him and to assist counsel in his defense. The trial court found the defendant competent to stand trial.

The case proceeded to trial in May, 1991, ten months after the trial court ruled on the defendant's competence to stand trial, and nearly one year after the defendant was examined by the clinical team. At the time of trial, the defendant neither renewed his claim

[4] General Statutes § 54-56d (b) provides: "PRESUMPTION OF COMPETENCY. A defendant is presumed to be competent. The burden of proving that the defendant is not competent by clear and convincing evidence and the burden of going forward with the evidence are on the party raising the issue. The burden of going forward with the evidence shall be on the state if the court raises the issue. The court may call its own witnesses and conduct its own inquiry."

regarding his competence to stand trial nor requested a contemporaneous examination to determine his level of competence in May, 1991.

Connecticut law provides that a defendant "is not competent to stand trial 'if he is unable to understand the proceedings against him or to assist in his own defense.' " *State* v. *DeAngelis,* 200 Conn. 224, 229, 511 A.2d 310 (1986), quoting General Statutes § 54-56d. Here, the defendant does not contest his ability to understand the proceedings against him. Rather, he claims that his amnesia impaired his ability to assist counsel in the preparation of his defense.

Under our law, a defendant is presumed to be competent. General Statutes § 54-56d (b); *State* v. *Lewtan,* 5 Conn. App. 79, 82, 497 A.2d 60 (1985). Where competence is contested, however, General Statutes § 54-56d (b) places the burden of proving lack of competence on the party raising the issue. Here, the defendant challenged his competency to stand trial, and thus he bore the burden of proving that, at the time of trial, he was unable to understand the proceedings against him or assist in his defense. The defendant did not sustain this burden. In the absence of a renewal of his motion at the time of trial or a request for a contemporaneous examination, there is no evidence demonstrating the defendant's lack of competence to stand trial in May, 1991. Neither we nor the trial court can speculate on the state of the defendant's mental condition in May, 1991. On retrial, in order for the defendant to put in issue his competence to stand trial, he must present evidence that, at the time he is to be tried, he is incapable of either understanding the proceedings against him or assisting in his own defense. See *Gold* v. *Warden,* 222 Conn. 312, 317–18, 610 A.2d 1153 (1992). Because the defendant did not present the trial court with evidence that in May, 1991, he was not com-

petent to stand trial, the trial court had no basis on which to conclude that the defendant was anything but competent.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.