STATE OF CONNECTICUT *v.* JOHN DINOTO
(10665)

DUPONT, C. J., LAVERY and FREEDMAN, Js.

Argued March 22—decision released July 27, 1993

*Bruce A. Sturman,* public defender, for the appellant (defendant).

*Lawrence J. Tytla,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney, for the appellee (state).

FREEDMAN, J. After conviction and sentencing for two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a), three counts of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1), one count of sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1) and two counts of risk of injury to a child in violation of General Statutes § 53-21, the defendant filed this appeal. The charges involve two victims alleged to have been sexually assaulted on separate occasions. The defendant does not challenge his conviction of sexual assault in the first degree involving one of the victims, or his conviction on the three

counts of sexual assault in the second degree involving both victims. With respect to his convictions of sexual assault in the first degree and sexual assault in the third degree involving the other victim and with respect to his convictions of risk of injury to a child involving both victims, the defendant claims that the trial court's instruction improperly enlarged the offenses charged and permitted the jury to consider statutory alternatives for which there was no supporting evidence.[1] We agree with the defendant regarding the challenged sexual assault convictions, but do not agree with his challenge to the risk of injury convictions.

---

[1] Neither of the claims raised by the defendant was properly preserved for appeal. In fact, immediately after the trial court's instructions to the jury, the assistant state's attorney brought to the court's attention the fact that it had instructed the jury on alternative methods of committing the various crimes that were not set forth in the substitute information and the bill of particulars. The defendant's trial counsel responded that he did not have any problems with the fact that the court's instructions had enlarged the offenses with which he was charged and specifically stated that he did not want the court to correct its error. No mention was made at that time that there was no evidentiary support for the uncharged, alternative methods of committing the crimes charged. The defendant now seeks our review of the court's instructions pursuant to *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

In his brief, the defendant has not been particularly clear as to the constitutional basis of his claims on appeal. To the extent that the defendant attacks the fact that the court instructed the jury on statutory alternatives with which he was not charged, he raises a claim arising under "[t]he sixth amendment to the United States constitution and article first, § 8, of the Connecticut constitution [which] guarantee a criminal defendant the right to be informed of the nature of the charge against him with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise, and . . . to enable him to plead his acquittal or conviction in bar of any future prosecution for the same offense . . . .'" (Internal quotation marks omitted.) *State* v. *Franko,* 199 Conn. 481, 490, 508 A.2d 22 (1986). The defendant's consent to the enlargement of the offenses with which he was charged, however, undermines his ability to maintain effectively any such notice based on a constitutional claim. See *State* v. *Scognamiglio,* 202 Conn. 18, 23, 519 A.2d 607 (1987); *State* v. *Foshay,* 12 Conn. App. 1, 24–25, 530 A.2d 611 (1987).

To the extent that the defendant attacks the fact that the court instructed the jury on statutory alternatives for which there was no support in the

I

General Statutes § 53a-70 (a) (1) provides: "A person is guilty of sexual assault in the first degree when such person . . . compels another person to engage in sexual intercourse *by the use of force* against such other person or a third person, or *by the threat of use of force* against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ." (Emphasis added.) Likewise, General Statutes § 53a-72a (a) (1) provides: "A person is guilty of sexual assault in the third degree when such person . . . compels another person to submit to sexual contact (A) *by the use of force* against such other person or a third person, or (B) *by the threat of use of force* against such other person or against a third person, which reasonably causes such other person to fear physical injury to himself or herself or a third person . . . ." (Emphasis added.) The state alleged, in the fifth and seventh counts of the substitute information, that the defendant had violated these statutes only by the use of force. Moreover, there was no evidence before the jury from which it could have concluded that the sexual assault

evidence, however, his claim stands on a different constitutional footing. The right to have the jury consider only those statutory alternatives for which there is evidentiary support arises from the " 'fundamental right, protected by the due process clauses of the federal and Connecticut constitutions, to be acquitted unless proven guilty of each element of the charged offense beyond a reasonable doubt.' " *State* v. *Williams,* 202 Conn. 349, 363, 521 A.2d 150 (1987). "It is error for a court to submit to a jury as a basis for a conviction any statutory alternative ground unsupported by the evidence. . . . 'In [such] circumstances we think the proper rule to be applied is that which requires a verdict to be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected.' *Yates* v. *United States,* 354 U.S. 298, 312, 77 S. Ct. 1064, 1 L. Ed. 2d 1356 (1957)." (Citations omitted.) *State* v. *Reid,* 193 Conn. 646, 667–68 n.22, 480 A.2d 463 (1984). Such a claim is reviewable on appeal notwithstanding the defendant's procedural default. *State* v. *Williams,* supra, 362–63.

was committed by the threat of use of force. The trial court, however, instructed the jury that it could convict the defendant of sexual assault in the first and third degrees if it found that he had committed the sexual assaults by either the use of force against the victim or the threat of use of force.

In *State* v. *Chapman,* 28 Conn. App. 360, 610 A.2d 1328, cert. granted, 223 Conn. 923, 614 A.2d 827 (1992), we addressed this precise claim under strikingly similar factual circumstances. *Chapman,* therefore, controls our disposition of the defendant's challenge to the sexual assault convictions based on the fifth and seventh counts of the substitute information.[2]

"It is well established that where, as here, the trial court's charge includes statutory language as to both the use of force and the threat of use of force, either of which may be an element of the crime of sexual assault in the first [and third] degree[s], and the information restricts the offense[s] charged to use of force and no evidence is introduced on the threat of use of force, a trial court's instruction to the jury on the threat of use of force as a disjunctive element of sexual assault is improper." Id., 365. "The court has a duty not to submit to the jury in its charge any issue on which the evidence would not reasonably support a finding. . . . We cannot presume, as the state contends, that the jury rejected this issue because of the absence of evidence." (Citations omitted.) Id., 366: Accordingly, the judgment with respect to counts five and seven must be set aside and a new trial ordered on those counts. Id.

## II

General Statutes § 53-21 imposes criminal liability on "[a]ny person who wilfully or unlawfully *causes or per-*

---

[2] While we are aware that our Supreme Court has granted certification in *Chapman,* our role is to apply the law as it currently exists. *State* v. *Leonard,* 31 Conn. App. 178, 200 n.18, 623 A.2d 1052 (1993).

*mits any child under the age of sixteen years to be placed
in such a situation* that its life or limb is endangered,
or its health is likely to be injured, or its morals likely
to be impaired, or *does any act* likely to impair the
health or morals of any such child . . . ." (Emphasis
added.) Section 53-21, then, "proscribe[s] two general
types of behavior likely to injure physically or to impair
the morals of a minor under sixteen years of age: (1)
deliberate indifference to, acquiescence in, or the cre-
ation of situations inimical to the minor's moral or phys-
ical welfare . . . (2) acts directly perpetrated on the
person of the minor and injurious to [the child's] moral
or physical well-being." *State* v. *Dennis,* 150 Conn. 245,
250, 188 A.2d 65 (1963).

In its bill of particulars, the state alleged in counts
three and eight that the defendant had violated the stat-
ute by acts directly perpetrated on the person of the
two children and injurious to their moral or physical
well-being. There was no evidence before the jury from
which it could have concluded that the defendant had
created or allowed a situation inimical to their moral
or physical welfare. The trial court, however, instructed
the jury on both alternative methods of violating
§ 53-21. The defendant contends that *State* v. *Chap-
man,* supra, controls our disposition of this claim. We
disagree.

In *State* v. *James,* 211 Conn. 555, 560 A.2d 426
(1989), our Supreme Court addressed a nearly identi-
cal claim to that presented by the defendant in this case.
The *James* court concluded that the trial court "should
not have read the portion of § 53-21 relating to plac-
ing a child in such a situation that its life or limb is
endangered or its health is likely to be impaired,
because no such conduct was charged nor was any evi-
dence supporting that alternative produced. It is the
duty of the court to submit to the jury only those issues
[that] are relevant not only to the pleadings but also

to the facts in evidence and to submit to the jury no issue foreign to the facts in evidence. . . . Despite this deficiency, however, the charge cannot reasonably be viewed as submitting to the jury any basis for a risk of injury conviction other than the acts perpetrated on the person of [the minor victim] that also form the basis of the charges in the [other] counts. Because the jury found the defendant guilty of the charges in those counts, it must necessarily have found the facts that form the basis of the risk of injury charge . . . which expressly relies upon the same acts alleged in the [other] counts. It is clear, therefore, that the verdict on the [risk of injury] count rests upon a finding that the defendant committed the acts alleged in that count, which were adequately proved by the evidence." (Citations omitted; internal quotation marks omitted.) Id., 583. In *Chapman,* by contrast, there were no other counts that could be used to clarify the basis of the jury's verdict.

This case is controlled by *State* v. *James,* supra, in that there are multiple counts. These additional charges involved acts perpetrated against the person of each of the two victims. As in *James,* because the charge cannot reasonably be viewed as submitting to the jury any basis for the risk of injury convictions other than the acts perpetrated on the person of the two victims and because the jury found the defendant guilty of a sexual assault against each victim that is not challenged on appeal,[3] the jury must necessarily have found that the defendant violated § 53-21 by doing acts directly perpetrated on the person of each minor victim. Under such circumstances, because it is not "impossible to tell whether the conviction rests upon the impermissible

---

[3] As to one of the victims, the defendant has not challenged his convictions for sexual assault in the first degree and sexual assault in the second degree. As to the other victim, the defendant has not challenged his convictions for two counts of sexual assault in the second degree.

ground"; *State* v. *Reid,* 193 Conn. 646, 667 n.22, 480 A.2d 463 (1984); see also *Yates* v. *United States,* 354 U.S. 298, 312, 77 S. Ct. 1064, 1 L. Ed. 2d 1356 (1957); the court's improper instruction on the risk of injury charges against the defendant does not require that we reverse those convictions. *State* v. *James,* supra.

The judgment is reversed as to counts five and seven only and the case is remanded for a new trial on those counts.

In this opinion the other judges concurred.