STATE OF CONNECTICUT *v.* TYRONE SAILOR
(11681)

O'CONNELL, HEIMAN and SCHALLER, Js.

Argued November 8, 1993—decision released January 11, 1994

---

*F. Mac Buckley,* for the appellant (defendant).

*Angela R. Macchiarulo,* deputy assistant state's attorney, with whom, on the brief, were *James Thomas,* state's attorney, *Joan Alexander,* assistant state's attorney, and *Kathleen McNamara,* deputy assistant state's attorney, for the appellee (state).

HEIMAN, J. The defendant appeals from the judgment of conviction, rendered after a conditional plea of nolo contendere; see General Statutes § 54-94a;[1] to possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b)[2] and conspiracy to distribute narcotics in violation of General Statutes §§ 53a-48[3] and

---

[1] General Statutes § 54-94a provides in pertinent part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure . . . the defendant after the imposition of sentence may file an appeal . . . . The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress . . . ."

[2] General Statutes § 21a-278 (b) provides in pertinent part: "Any person who . . . possesses with the intent to sell or dispense . . . any narcotic substance . . . and who is not at the time of such action a drug-dependent person" shall be punished in accordance with the statute.

[3] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

21a-277 (a).[4] The defendant asserts that the trial court improperly denied his motion to suppress evidence of drugs seized by the police during a warrantless search of his automobile. We affirm the judgment of the trial court.

The trial court found the following facts. James Pasquarell, a detective with the Hartford police department, received a telephone call from an informant with whom he had worked in the past and whom he had found reliable. The informant told Pasquarell that he "was just with Beaver and Sweet Tooth" and that in approximately fifteen minutes a drug transaction was going to occur between the two at the Charter Oak housing project in the area of Chandler and Ellis Streets. The informant told Pasquarell that Beaver and Sweet Tooth were Willie Armstrong and the defendant, Tyrone Sailor, that Sailor would be driving a white or light colored Cadillac with a red or burgundy top and a Massachusetts license plate, and that he would possess a large quantity of cocaine.

Accompanied by detective Frank Sanzo, Pasquarell drove to the Ellis Street area in the vicinity of the Charter Oak project, but did not observe a vehicle matching the description. They proceeded north on Chandler Street where they noticed a white Cadillac with a burgundy top and a Massachusetts license plate moving toward them with two individuals inside. Sanzo recognized one of the individuals as Armstrong. Pasquarell turned his vehicle around, followed the Cadillac into the Ellis Street parking area and parked his vehicle directly behind the Cadillac, which had stopped voluntarily. Pasquarell then exited his vehicle and approached the driver's side of the Cadillac. As he approached the vehicle, the detective noticed that the

---

[4] General Statutes § 21a-277 provides in pertinent part: "(a) Any person who . . . distributes . . . a narcotic substance" shall be punished.

defendant had a plastic bag in his right hand and was reaching down to the floor. The detective opened the driver's door, removed the driver from the vehicle, took the plastic bag and noted that it contained a large amount of white powder which the trial court found to be contraband.[5] The police then arrested the defendant and Armstrong, searched Armstrong and found $600 on his person.

On December 23, 1991, the defendant moved to suppress the evidence obtained during his arrest and claimed that the search of his car violated his rights under both the fourth and fourteenth amendments to the federal constitution and under article first, § 7, of the Connecticut constitution.[6] The trial court denied the motion finding that the police had probable cause to search the vehicle and to arrest the defendant.[7] The trial court found that the informant was reliable because he previously had provided accurate information to Pasquarell. The trial court also found that the informant had established a sufficient basis of knowledge by stating to Pasquarell that "he was just with them." The trial court found by a "reasonable and logical inference" from this statement that the informant had knowledge from personal observation. The trial

[5] This finding is not disputed on appeal. Further, in his brief, the defendant refers to the white powder as cocaine.

[6] The defendant and Armstrong moved for suppression of evidence in the same motion. The defendant challenged the use in evidence of the cocaine and Armstrong challenged the use in evidence of the $600. Only the defendant has appealed.

[7] The trial court analyzed the veracity and basis of knowledge of the informant to determine whether probable cause existed under *State* v. *Kimbro,* 197 Conn. 219, 496 A.2d 498 (1985). See *Spinelli* v. *United States,* 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969); *Aguilar* v. *Texas,* 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964). Our Supreme Court has rejected the two-prong test enunciated in *Kimbro* in favor of a totality of the circumstances test under *Illinois* v. *Gates,* 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). See *State* v. *Barton,* 219 Conn. 529, 594 A.2d 917 (1991).

court further found that, even if the informant's basis of knowledge could not be inferred from the statement, the police corroborated much of the information given by the informant. The trial court noted that the police had corroborated the color, make and location of the automobile, and the Massachusetts license plate and they had specifically identified Armstrong. Since the trial court found probable cause for the search, it declined to analyze the motion to suppress under the plain view doctrine. Further, the trial court stated that the police had a reasonable and articulable suspicion that the occupants of the vehicle "had engaged in, are engaged in, or about to engage in criminal activity . . . ." See *Terry* v. *Ohio,* 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). The defendant entered a plea of nolo contendere, reserving the right to appeal the denial of the suppression motion.

The issue on appeal is whether the police violated the defendant's constitutional rights when they seized the bag of cocaine.[8] The defendant claims that the trial court improperly denied the motion to suppress because the police lacked probable cause to search his automobile. In our view of the case, however, we need not reach the issue of whether the search was supported by probable cause since the contraband seized was in plain view prior to the seizure.

"This court can sustain a judgment on a different theory than that adopted by the trial court." *State* v. *Mierez,* 24 Conn. App. 543, 547, 590 A.2d 469, cert. denied,

---

[8] The defendant stated the issue on appeal as whether there was probable cause "to justify the warrantless search and seizure of [his] automobile." The defendant's motion to suppress, however, challenged only the search of his vehicle as violating his constitutional rights. "This court will not review issues of law that are raised for the first time on appeal." *State* v. *Harvey,* 27 Conn. App. 171, 186, 605 A.2d 563, cert. denied, 222 Conn. 907, 608 A.2d 693 (1992). This claim will be discussed only as it relates to the seizure of the cocaine from the defendant's vehicle.

219 Conn. 910, 911, 593 A.2d 136 (1991). Thus, we conclude that the seizure of the cocaine was proper under the plain view doctrine. See *Coolidge* v. *New Hampshire,* 403 U.S. 443, 464–73, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971).

The plain view doctrine " 'is based upon the premise that the police need not ignore incriminating evidence in plain view while they are operating within the parameters of a valid search warrant or are otherwise entitled to be in a position to view the items seized.' . . . A plain view seizure is reasonable under the fourth amendment if the police: (1) were lawfully on the premises and engaged in a lawful activity; (2) discovered the evidence inadvertently; and (3) have probable cause to believe there is a reasonable relationship between the evidence seized and the criminal behavior under investigation. . . ." (Citations omitted.) *State* v. *Hamilton,* 214 Conn. 692, 698, 573 A.2d 1197, vacated and remanded, 498 U.S. 933, 111 S. Ct. 334, 112 L. Ed. 2d 299 (1990).[9] Our Supreme Court has also stated that " 'inadvertence is not required if the items seized fall under the category of contraband, stolen property or objects dangerous in themselves.' " *State* v. *Ruscoe,* 212 Conn. 223, 238 n.8, 563 A.2d 267 (1989), cert. denied, 493 U.S. 1084, 110 S. Ct. 1144, 107 L. Ed. 2d 1049 (1990); *State* v. *Couture,* 194 Conn. 530, 547, 482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985).[10] " 'Con-

---

[9] *State* v. *Hamilton,* 214 Conn. 692, 573 A.2d 1197 (1990), was vacated and remanded by the United States Supreme Court "for further consideration in light of *Horton* v. *California,* 496 U.S. 128, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990)." The appeal was subsequently withdrawn.

[10] The United States Supreme Court has abandoned the inadvertence requirement. *Horton* v. *California,* 496 U.S. 128, 141–42, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990). Our appellate courts, however, have continued to maintain that "[i]nadvertence is not required if the items seized fall under the category of contraband, stolen property or objects dangerous in themselves." *State* v. *Vincent,* 30 Conn. App. 249, 259, 620 A.2d 152, cert.

traband' is defined in General Statutes § 54-36a as any property the possession of which is prohibited by a provision of the General Statutes." *State* v. *Vincent,* 30 Conn. App. 249, 259, 620 A.2d 152, cert. granted on other grounds, 225 Conn. 917, 623 A.2d 1026 (1993). Cocaine possession is prohibited by General Statutes § 21a-279 and is, therefore, contraband. *State* v. *MacNeil,* 28 Conn. App. 508, 521, 613 A.2d 296, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992). Thus, inadvertence was not required to seize the evidence here and we need determine only if the police (1) were lawfully in the area and engaged in lawful activity and (2) had probable cause to believe there was a reasonable relationship between the evidence seized and the criminal behavior under investigation.

"[C]overt 'visual surveillance' of a person while he moves about in public is not subject to Fourth Amendment restraints." 1 W. LaFave, Search and Seizure (2d Ed. 1987) § 2.7 (e), p. 536; see *Cardwell* v. *Lewis,* 417 U.S. 583, 590–91, 94 S. Ct. 2464, 41 L. Ed. 2d 325 (1974); *Katz* v. *United States,* 389 U.S. 347, 351, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967); *State* v. *DeFusco,* 27 Conn. App. 248, 261, 606 A.2d 1 (1992), aff'd, 224 Conn. 627, 620 A.2d 746 (1993).[11] Therefore, the police did not need probable cause to initiate the surveillance in the Charter Oak area and were lawfully in the area. Further, when the police parked behind the defendant's

granted, 225 Conn. 917, 623 A.2d 1026 (1993); *State* v. *MacNeil,* 28 Conn. App. 508, 521, 613 A.2d 296, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992). The Connecticut Supreme Court granted certification to appeal in *State* v. *Vincent,* supra, 225 Conn. 918, on the issue of "whether the Connecticut constitution requires 'inadvertence' under the 'plain view' exception even if the United States constitution does not?" Since our Supreme Court has not yet decided the issue, we must follow the law as it currently exists. *State* v. *Dinoto,* 32 Conn. App. 217, 221 n.2, 628 A.2d 618 (1993).

[11] We note that the fourth amendment does apply to electronic surveillance. General Statutes § 54-41d; *State* v. *Calash,* 212 Conn. 485, 495–96, 563 A.2d 660 (1989); *State* v. *Telesca,* 199 Conn. 591, 597–98, 508 A.2d 1367 (1986).

vehicle, they did not act unlawfully by unconstitutionally seizing the defendant's vehicle. " '[S]topping an automobile and detaining its occupants constitute a 'seizure' within the meaning of [the fourth and fourteenth] Amendments, even though the purpose of the stop is limited and the resulting detention quite brief.' *Delaware* v. *Prouse,* 440 U.S. 648, 653, 99 S. Ct. 1391, 59 L. Ed. 2d 660 (1979)." *State* v. *Martin,* 2 Conn. App. 605, 611–12, 482 A.2d 70 (1984), cert. denied, 195 Conn. 802, 488 A.2d 457, cert. denied, 472 U.S. 1009, 105 S. Ct. 2706, 86 L. Ed. 2d 721 (1985). The evidence presented in this case, however, demonstrates that the police never stopped or detained the defendant's car prior to viewing the plastic bag. The defendant's car was stopped voluntarily before the police parked behind it. Further, a detention of an automobile does not rise to the level of a seizure until the police box in the car so that it cannot be driven from the area. See *State* v. *Martin,* supra, 609–10. Here, the defendant's vehicle was not prevented from leaving the area when the police parked behind it.

Further, the police did not act unlawfully when they looked into the defendant's vehicle. The police, "no less than any other citizen," have a right to be on a public street, "stand beside the defendant's car and peer in." *State* v. *Kuskowski,* 200 Conn. 82, 85, 510 A.2d 172 (1986); *State* v. *Miller,* 29 Conn. App. 207, 213–15, 614 A.2d 1229 (1992), aff'd, 227 Conn. 363, 630 A.2d 1315 (1993). "It is well established . . . that if a police officer is in a public area and . . . peer[s] into a vehicle through a window, his action does not constitute a 'search' and, as a result, is not considered violative of the car owner's fourth amendment rights." *State* v. *Graham,* 200 Conn. 9, 20, 509 A.2d 493 (1986); *State* v. *Bryant,* 19 Conn. App. 626, 629–30, 563 A.2d 326 cert. denied, 212 Conn. 821, 565 A.2d 540 (1989); see *Texas* v. *Brown,* 460 U.S. 730, 739–40, 103 S. Ct. 1535,

75 L. Ed. 2d 685 (1983). The evidence revealed that the police were on a public street when they viewed the inside of the defendant's vehicle. Therefore, probable cause was not required since the police conduct did not invoke the restraints of the fourth amendment and the police acted lawfully.

Finally, the police had probable cause to believe that the evidence seized, the bag of cocaine, had a reasonable relationship to the criminal behavior under investigation, the sale of a controlled substance. The trial court properly denied the motion to suppress.

The judgment is affirmed.

In this opinion the other judges concurred.