## STATE OF CONNECTICUT *v.* JOHN DINOTO
## (14823)

PETERS, C. J., BORDEN, BERDON, KATZ and PALMER, Js.

Argued March 29—decision released June 7, 1994

*Lawrence J. Tytla,* assistant state's attorney, for the appellant (state).

*Bruce A. Sturman,* public defender, for the appellee (defendant).

KATZ, J. The defendant, John Dinoto, was charged in an eight count information with two counts of the crime of sexual assault in the first degree in violation of General Statutes § 53a-70 (a),[1] three counts of the crime of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1),[2] one count of the crime of sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1),[3] and two counts of the crime of risk of injury to a child in violation of General Statutes § 53-21.[4] The charges involve two victims, T and J, who were alleged to have been

[1] General Statutes § 53a-70, as amended by No. 93-340, § 14, of the 1993 Public Acts, provides in relevant part: "SEXUAL ASSAULT IN THE FIRST DEGREE: CLASS B FELONY: ONE YEAR NOT SUSPENDABLE. (a) A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ."

[2] General Statutes § 53a-71, as amended by No. 93-340, § 2, of the 1993 Public Acts, provides in relevant part: "SEXUAL ASSAULT IN THE SECOND DEGREE: CLASS C FELONY: NINE MONTHS NOT SUSPENDABLE. (a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older than such person . . . ." This statute has been changed since the time of the defendant's crimes in ways that are irrelevant to this appeal.

[3] General Statutes § 53a-72a provides in relevant part: "SEXUAL ASSAULT IN THE THIRD DEGREE: CLASS D FELONY. (a) A person is guilty of sexual assault in the third degree when such person (1) compels another person to submit to sexual contact (A) by the use of force against such other person or a third person, or (B) by the threat of use of force against such other person or against a third person, which reasonably causes such other person to fear physical injury to himself or herself or a third person . . . ."

[4] General Statutes § 53-21 provides: "INJURY OR RISK OF INJURY TO, OR IMPAIRING MORALS OF, CHILDREN. Any person who wilfully or unlawfully

sexually assaulted on separate occasions. After a jury convicted the defendant on all counts, the defendant appealed to the Appellate Court from the judgment of conviction of one count of sexual assault in the first degree (count five) and one count of sexual assault in the third degree (count seven), both pertaining to T, and from the judgment of conviction of two counts of risk of injury to a child (counts three and eight), pertaining to T and J, respectively. The defendant argued, inter alia,[5] that the trial court improperly had charged the jury on the alternative theories of "use of force and threat of use of force" in defining the crimes of sexual assault in the first and third degrees. The Appellate Court noted that the state had alleged only that the defendant had violated these statutes by the use of force, and that no evidence had come before the jury from which it could have concluded that either of the sexual assaults of T had been committed by the threat of use of force. Thus, the Appellate Court concluded that the trial court committed reversible error by instructing the jury that it could consider both statutory alternatives and reversed the judgment of conviction on counts five and seven. *State* v. *Dinoto,* 32 Conn. App. 217, 221, 628 A.2d 618 (1993). In so concluding,

causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[5] With regard to the convictions of risk of injury to a child, the defendant challenged the trial court's instruction to the jury allowing it to consider both alternative methods of violating § 53-21 although the state had charged him only with perpetrating acts on the victims, not with creating a situation inimical to their welfare. Despite this deficiency, the Appellate Court held, in light of the jury's verdicts as to the counts alleging sexual assault, that "the jury must necessarily have found that the defendant violated § 53-21 by doing acts directly perpetrated on the person of each minor victim," the method of violating § 53-21 under which he had been charged. *State* v. *Dinoto,* 32 Conn. App. 217, 223, 628 A.2d 618 (1993). That part of the Appellate Court decision is not before this court on certification.

the Appellate Court relied explicitly on its earlier opinion in *State* v. *Chapman,* 28 Conn. App. 360, 610 A.2d 1328 (1992), with the knowledge that certification to appeal had been granted on that case. See *State* v. *Chapman,* 223 Conn. 923, 614 A.2d 827 (1992).

The state thereafter petitioned this court for certification, which we granted, limited to the following three issues: "(1) Under the facts of this case, did the Appellate Court properly conclude that the trial court's jury instruction regarding sexual assault in the first degree was incorrect because it referred to compelled sexual intercourse by threat of force? (2) If the answer to question (1) is yes, was reversal of the conviction required by (a) the federal due process clause; or (b) the due process clause of article first, § 8, of the Connecticut constitution? (3) Was the Appellate Court correct in failing to consider whether any error in the trial court's instruction was harmless?" *State* v. *Dinoto,* 227 Conn. 921, 632 A.2d 697 (1993). Because we conclude that the trial court's instructions, read in their entirety under the facts and circumstances of this case, did not improperly enlarge the offense charged, or allow the jury to consider the defendant's guilt of that offense based on a "statutory alternative for which there was no support in the evidence," we answer the first certified question in the negative and reverse that part of the judgment of the Appellate Court.

Recently, this court held in *State* v. *Chapman,* 229 Conn. 529, 545–48, 643 A.2d 1213 (1994), that where there had been no explicit evidence of the threat of use of force it was improper for the trial court to instruct the jury that "a person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or by the threat of the use of force against such person which reasonably causes such person to fear physical injury." As we have repeat-

edly stated: "It is improper for the trial court to read an entire statute to a jury when the pleadings or the evidence support a violation of only a portion of the statute." Id. In light of the state's concession in the Appellate Court that it had presented no evidence of the explicit threat of the use of force;[6] see *State* v. *Diggs*, 219 Conn. 295, 298–302, 592 A.2d 949 (1991); we concluded that the trial court had acted improperly. We then determined that, upon an appropriate harmless error analysis, the error was harmless.

In its jury instruction pertaining to the two counts of sexual assault in the first degree, the trial court in this case charged in accordance with General Statutes § 53a-70 (a) (1) that "[a] person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person or by the threat of the use of force against such person. Which reasonably causes such person to fear physical injury. . . . Now if you find the required sexual intercourse had been proven beyond a reasonable doubt, you must determine whether the defendant used or threatened the use of force. . . . Now, the first count as charged is sexual assault in the first degree. It's the first count on the information and that's the one having to do with [J] on the boat and it has to do with a claim of vaginal intercourse. The other count of sexual assault in the first degree has to do in the fifth count of the information and it has to do with [T] where the claim that the intercourse was fellatio and it occurred in the graveyard. Those are the two counts where the State claims that the crime of sexual assault in the first degree occurred."[7]

---

[6] Because of its earlier concession before the Appellate Court that no evidence of a threat, whether explicit or implied, had been made, we would not allow the state to argue to us that evidence of an implied threat could be inferred from the use of force.

[7] The trial court also charged the jury in connection with the crime of sexual assault in the third degree as follows: "In order to convict the defend-

At the conclusion of the trial court's charge, the assistant state's attorney alerted the trial court to the fact that it had instructed the jury on alternative methods of committing the various crimes that had not been set forth in the substitute information and the bill of particulars. In response, the defendant's trial counsel specifically stated that he did not want the court to correct its error, and that he did not have any problems with the fact that the trial court's instructions had enlarged the offenses with which the defendant was charged. *State* v. *Dinoto,* 32 Conn. App. 219 n.1.

The state argues that, because the evidence as to the first count of the information charging the defendant with sexual assault in the first degree of J, which was never the subject of any appeal, established that the defendant not only had used actual force against that victim but had also explicitly threatened to kill her, the trial court's challenged instructions did not authorize the jury to consider a theory for which there was no support in the evidence. We agree.

During her testimony regarding the first degree sexual assault that had occurred on the defendant's boat in the summer of 1984 (count one), J testified that when she had resisted the defendant's efforts to have sexual intercourse with her, he, in addition to having used actual physical force, had explicitly threatened to kill her if in resisting him she were to awaken her sister

---

ant of the crime of sexual assault in the third degree the State must prove each of the following elements beyond a reasonable doubt. Sexual contact had taken place and the defendant compelled the victim to submit to such sexual contact by the use of force or by the threat of such use of force.

"Now, if you find that the required sexual contact has been proved beyond a reasonable doubt you must find that the defendant used force or also threatened the use of force against the victim. Use of force means either the use of, it means the use of actual physical force or superior physical strength against the victim." The state never sought certification from the judgment of the Appellate Court reversing the defendant's conviction of this offense.

in the other bed in the cabin. Under the facts and circumstances of this case, therefore, there was evidence of the explicit threat of the use of force by the defendant toward J, the victim of the unchallenged first degree sexual assault charge. As a result, the trial court properly charged the jury to consider the use of force and threat of use of force as applied to that count.

In defining § 53a-70 (a) (1), the trial court did not charge the jury separately concerning the two first degree sexual assault counts. Rather, the trial court cautioned the jurors of its intent to define the crime only once, told them that they were to consider both counts of first degree sexual assault, and advised them to apply the instructions as given to the appropriate counts. This admonishment persuades us that, in rendering their verdict, the jurors could not reasonably have been misled by any reference to the inapplicable portion of the statute. See *State* v. *Carter*, 189 Conn. 611, 631, 458 A.2d 369 (1983).

We hold that because there was evidence of an explicit threat of force by the defendant against J, the trial court's instructions allowing the jury to consider whether the defendant had used or threatened to use force in deciding whether he was guilty of first degree sexual assault did not invite the jury to consider his guilt of first degree sexual assault of T based on a theory of culpability for which there was no supporting evidence.

The judgment of the Appellate Court regarding the first degree sexual assault count (count five) is reversed and the case is remanded to that court with direction to affirm the judgment of the trial court on that count.

In this opinion PETERS, C. J., BORDEN and PALMER, Js., concurred.

BERDON, J., concurring. I concur in the result. The Appellate Court pointed out the following: "[I]mmedi-

ately after the trial court's instructions to the jury, the assistant state's attorney brought to the court's attention the fact that it had instructed the jury on alternative methods of committing the various crimes that were not set forth in the substitute information and the bill of particulars. The defendant's trial counsel responded that he did not have any problems with the fact that the court's instructions had enlarged the offenses with which he was charged and specifically stated that he did not want the court to correct its error." *State* v. *Dinoto,* 32 Conn. App. 217, 219 n.1, 628 A.2d 618 (1993). Therefore, the defendant expressly agreed to the giving of the instructions that are the subject matter of the certified issues. Accordingly, I would *summarily* reverse the Appellate Court and affirm the judgment of conviction regarding the fifth count charging sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1). I see no need to undertake any *Chapman* analysis. See *State* v. *Chapman,* 227 Conn. 616, 632 A.2d 674 (1993), rev'd en banc, 229 Conn. 529, 643 A.2d 1213 (1994).