[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Fuss O'Neill, Inc., has moved for summary judgment against the plaintiffs, Somers Mill Associates, Inc. and its owners, on the ground that the statute of limitations bars the action against the defendant.
The plaintiffs filed a six-count complaint against Fuss O'Neill and three other named defendants. In count one, the only count filed against Fuss O'Neill, the plaintiffs allege professional malpractice. Specifically, the plaintiffs allege that Fuss O'Neill, an engineering service, incorrectly determined that the 100 year flood elevation of Somers Mill was adequate for the plaintiffs to gain town approval to convert a building, which had been a commercial and industrial site, into a multi-unit residence. The plaintiffs further allege that they relied on Fuss O'Neill's representations when they planned, designed, and began their renovations. The plaintiffs allege that they incurred substantial debt in reliance on Fuss O'Neill's representations.
The defendant filed an answer to the complaint asserting the CT Page 13107 special defense that the plaintiff's complaint is barred by the statute of limitations. The defense then moved for summary judgment on the same ground.
The defendant argues that the plaintiffs' cause of action is subject to General Statutes § 52-584, which provides, in pertinent part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . ." The defendant relies on Grigerik v. Sharpe, 45 Conn. App. 775,699 A.2d 189, cert. granted, 243 Conn. 918 (1997), to support its argument that the three year statute of limitations of General Statutes § 52-584 applies, rather than General Statutes § 52-584a, which provides a seven year statute of limitations for certain actions against architects and professional engineers. See Grigerik v. Sharpe, supra, 45 Conn. App. 790. In Grigerik
case the court stated that the legislature had established "`seven years after substantial completion of an improvement to real property' as the time after which architects and engineers become insulated from claims arising out of their participation in the design of a building or other structure." Id., 790. The court concluded that "a plan or design for a structure cannot constitute the kind of `improvement' contemplated by the legislature" in setting this limitation. Id.
Here, the defendant has submitted the certified deposition transcript of the plaintiff, Lawrence P. Brophy, to show that the plaintiffs hired the defendant in the spring of 1989, and that the plaintiffs fired the defendant late that same year because of problems with the defendant at another site. The defendant alleges that the plaintiffs could have discovered the problem with the flood plain measurements no later than March 1, 1994. The plaintiffs commenced their action against the defendant on May 7, 1996. Thus, the defendants conclude, the plaintiffs' action is time barred both because the plaintiffs filed their claim over three years after the disputed transactions took place and because the plaintiffs filed suit over two years after they discovered their injury.
The plaintiffs, in their memorandum in opposition to the defendant's motion for summary judgment, argue that because the CT Page 13108Grigerik decision is currently on appeal to the Connecticut Supreme Court, the court should not rely upon that case as authority. They also contend that Grigerik was wrongly decided by the Appellate Court. The plaintiffs argue that General Statutes § 52-584a[1] provides the proper statute of limitations, and that Fuss O'Neill's advice contributed an essential part of the plan for an improvement to real estate, thus bringing their action against Fuss O'Neill under the seven year statute of limitations of General Statutes § 52-584a.
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806,679 A.2d 945 (1996). Summary judgment is appropriate on statute of limitations grounds when the "material facts concerning the statute of limitations [are] not in dispute." Burns v. HartfordHospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984).
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v.United Technologies Corp. , 233 Conn. 732, 751, 660 A.2d 810
(1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Elliott v. Waterbury, 245 Conn. 385, 391,___ A.2d ___ (1998).
If Grigerik is the law, this court must grant the defendant's motion for summary judgment. The plaintiffs admitted as much at oral argument on the motion. There is no real dispute about when the plaintiffs and the defendant ceased dealing with each other, or about when this action was commenced. No question of fact remains for this court to resolve. The sole controversy concerns whether or not Grigerik constitutes binding precedent that requires this court to observe a three year statute of limitations.
The Supreme Court granted the plaintiff's petition for certification in Grigerik on September 24, 1997. However, the Supreme Court did not hear oral argument in that appeal until a year later. The court in this case heard the defendant's motion for summary judgment on July 20, 1998 and has delayed its decision in anticipation of a decision by the Supreme Court, in the interests or practicality and so as not to "simply set judicial wheels unnecessarily spinning, only to remain at the same end of the road." Chomko v. Patmon, 20 Conn. App. 159,163, 565 A.2d 250 (1989). In such scheduling matters, it is not CT Page 13109 improper for courts to be practical. Cf. State v. One 1976Chevrolet Van, 19 Conn. App. 195, 202, 562 A.2d 62 (1989). However, it now appears that the Supreme Court will not issue its opinion within the 120 within which this court must render its decision. See Practice Book § 11-19(a).[2]
"It is axiomatic `that [a] decision of [an appellate court] is controlling precedent until overruled or qualified.'"Ferrigno v. Cromwell Development Associates, 44 Conn. App. 439,443, 689 A.2d 1150 (1997), aff'd, 244 Conn. 189, 708 A.2d 1371
(1998), quoting Conway v. Wilton, 238 Conn. 653, 659,680 A.2d 242 (1996). The law today is the law of Grigerik; therefore, the three year statute of limitations set forth in General Statutes § 52-584 applies. "Since our Supreme Court has not yet decided the issue, we must follow the law as it currently exists." State v. Sailor, 33 Conn. App. 409, 415 n. 10,635 A.2d 1237, cert. denied, 229 Conn. 911, 642 A.2d 1208 (1994). While the plaintiffs argue that Grigerik was wrongly decided, it is not for this trial court to modify the rule of that case. Jolly,Inc. v. Zoning Board of Appeals, 237 Conn. 184, 195, 676 A.2d 831
(1996). This court is bound by the precedent of the Appellate Court.Id. The motion for summary judgment is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court