[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By petition dated December 23, 1996, Abbot Dinoto, also known as John Dinoto, seeks a writ of habeas corpus, alleging as bases, "newly discovered evidence, new case laws and new strategies." Attorney Patrice A. Cohan was appointed Special Public Defender to represent petitioner and filed an appearance on April 16, 1997.
On December 1, 1997 Attorney Cohan filed a Motion for Permission To Withdraw Appearance As Special Public Defender, pursuant to Practice Book, Section 529 T (now Section 23-41) together with a memorandum in support of the motion.
On January 8, 1998 Respondent filed a motion to dismiss said petition.
On January 9, 1998 a hearing was had on Attorney Cohan's Motion to Withdraw, at which both Attorney Cohan and petitioner were heard. At the close of this hearing the court afforded petitioner thirty days to file a written response to said motion to withdraw. The court indicated that Attorney Cohan would have thirty days from the filing of petitioner's response in which to reply or to waive reply.
On January 21, 1998 the court received a seven page written response from petitioner and shortly thereafter a package of written material, including a 130 page memorandum in opposition to the said motion to withdraw. On February 17, 1998, Attorney Cohan filed a waiver of response.
II CT Page 5258
Abbot Dinoto, then known as John Dinoto, was arrested and convicted alter trial of two counts of sexual assault in the first degree in violation of General Statutes, Section 53a-70(a), three counts of sexual assault in the second degree in violation of General Statutes, Section 53a-71(a)(1), one count of sexual assault in the third degree in violation of General Statutes, Section 53a-72(a)(1) and two counts of risk of injury to a child in violation of General Statutes, Section 53-21. Petitioner was sentenced on July 21, 1991 to a total of twenty-five years incarceration. Petitioner appealed his sentence and the Appellate Court reversed as to count five (sexual assault in the first degree) and count seven (sexual assault in the third degree),State v. Dinoto, 32 Conn. App. 217, (1993). The State petitioned and was granted certification for appeal to the Supreme Court, which court reversed the Appellate Court as to count five, Statev. Dinoto, 229 Conn. 580 (1994) and remanded to the Appellate Court with instructions to affirm the trial court's judgment as to count five.
On or about September 14, 1993, petitioner filed a petition for writ of habeas corpus, Tolland County Docket #CV-93-0001804 ("the 1993 petition") challenging the validity of his convictions. In November, 1995, petitioner's counsel, Attorney David A. Dee, Special Public Defender, filed a Motion to Withdraw as Special Public Defender on the grounds that none of petitioner's claims were non-frivolous. By decision filed February 20, 1996, the court (Kaplan, J.) found no non-frivolous grounds and granted said motion to withdraw. The petition was dismissed on November 13, 1996.
 III
As basis for the instant motion to withdraw appearance as special public defender, Attorney Cohan concludes there is no non-frivolous argument in support of petitioner's claim of ineffective assistance of counsel, that there is no new evidence to offer, that no non-frivolous issue exists and that a reconsideration of the claims raised in the 1993 petition is barred by the established principles of res judicata and collateral estoppel.
Respondent's motion to dismiss asks that the instant petition be dismissed "as it presents the same grounds as, petitions[1]
which have previously been denied and fails to state new facts or proffer new evidence not reasonably available at the time of the CT Page 5259 prior petition."
 IV
This court has examined the record of the 1993 petition, including the petition itself, the memorandum filed in support of counsel's motion to withdraw, petitioner's 78 page memorandum in opposition to the said motion to withdraw, and an investigator's report commissioned by petitioner's counsel and the court's memorandum of decision.
The court also has reviewed the testimony and evidence in the instant case and compared the instant claims with those of the 1993 petition and concludes the instant claims are virtually identical to those of the 1993 petition, that no new evidence has been offered in support of these claims and that no non-frivolous claims are asserted in the instant petition. One additional claim in the instant petition, that the clerk at the time of trial erroneously "charged" the jury that petitioner was charged with violations of General Statutes, Section 53-70a, rather than Section 53-70 (a) is frivolous. Viewed in the context of the trial, the evidence offered, the judge's charge to the jury, the substituted information given to the jury, there was no possibility that the jury was misled by an alleged spoken or typographical error. This claim is not "newly discovered evidence" and could have been raised previously.
While the court concurs with petitioner's counsel that no non-frivolous issues have been raised by petitioner in the instant case, the court concludes that the appropriate course of action is to address respondent's motion to dismiss. Petitioner has had his "Anders" review with regard to his 1993 petition and has raised the same issues once again in this petition. The court concludes that this is an abuse of the writ.
Respondent's Motion to Dismiss asks that the instant petition be dismissed as it presents the same grounds as petitions which have previously been denied and fails to state new facts or proffer new evidence not reasonable available at the time of the prior petitions.
The court concludes that petitioner in the instant petition presents the same claims as those previously raised in the 1993 petition, fails to state new, non-frivolous facts or proffer new evidence not reasonably available at the time of the prior CT Page 5260 petition.
Accordingly, pursuant w Practice Book, Section 23-29 (3) respondent's motion is granted and the instant petition is dismissed.
By the Court
Downey, J.